MARVIN E. PARRY and Another, Plaintiffs, *v.* MARYLAND CASUALTY COMPANY, Defendant.*

Supreme Court, Onondaga County, March 30, 1929.

*Oscar J. Brown,* for the plaintiffs.

*Bond, Schoeneck & King,* for the defendant.

CHENEY, J. The action is upon a policy of insurance. The answer sets up a counterclaim, but upon the trial this was abandoned or withdrawn, and it was stipulated that the case be decided upon an agreed statement of facts regarding the plaintiffs' cause of action, without regard to the counterclaim.

The plaintiffs are the holders of a policy of insurance issued by the defendant, in which the defendant agreed to indemnify the plaintiffs against loss from the liability imposed by law to property of every description, except as therein limited, as the result of accidents occurring during the policy limit, caused by or through the operation of any automobile, and to defend without charge all suits brought against plaintiffs to recover damages for the liability insured against. While the policy was in force, employees of plaintiffs were engaged in towing to the garage an automobile belonging to a third person, and in the course of that operation, the automobile so being towed collided with a pole and received damages thereby. An action was brought against plaintiffs to recover such damages, of which action defendant had due notice and declined to accept the defense thereof. Plaintiffs thereupon hired counsel and defended said action, but after a trial thereof a judgment was recovered against plaintiffs for $153.75 damages and costs, which judgment the plaintiffs have paid. It is stipulated that the fair and reasonable value of the services of counsel in defending such suit was $175.

Defendant's defense to the action is that the liability for which the judgment was recovered was not within the terms of the policy by reason of the following words therein: " Provided, however, that this policy shall not cover damages to the property of the assured and /or *property in the custody of the assured and for which the assured is legally responsible,* and /or propery carried in or upon any automobile of the assured, or in or upon any automobile in the custody of the assured."

There is no doubt about the rule that liability cannot be predicated upon such a policy unless it is clearly within the terms thereof, and that it is within the province of the insurer to decide what it will insure against and what it will not. Therefore, any exceptions and reservations in the policy must be given effect, and recovery cannot be had for a risk not insured against.

The rule is also well settled that as the language used in the policy is the language of the insurer rather than that of the insured,

it will be liberally construed in favor of the insured, and that if two interpretations equally fair may be given, the one giving the greater indemnity will be preferred.

If the language of the exception, standing alone, be construed strictly, the conclusion would follow that the loss in question was not within the terms of the policy, for the damage which formed the basis of the recovery was damage to " property," for an automobile is property, and as it was in charge of the employees of the plaintiffs and being towed to their garage, it might be technically said to be " in the custody of the assured." Plaintiffs claim that because the automobile being towed was being steered by an employee of the owner it was not in the custody of the plaintiffs, because they did not have complete control of it at the time the accident happened. There can be no question but that control of the property is one of the essential elements of custody in a legal sense (17 C. J. 440, and cases cited), but it hardly seems that the mere fact that the person physically at the wheel of the towed automobile happened to be in the general employ of the owner of the car, rather than an employee of the plaintiffs, would be the determining factor as to whether the automobile was in the custody of the plaintiffs.

The question whether the claimed loss was within the terms of the policy is to be determined from the whole policy, and not by one detached portion thereof. The plaintiffs were garage proprietors and the policy was known as a garage policy, and it insured the plaintiffs generally against loss to property of every description except that excepted, resulting from accidents caused by the operation of any automobile, whether the accident happened in the garage or out of it. The thing insured against was primarily damage to property by reason of negligence in the operation of automobiles in carrying on the garage business. It is a well-known fact that accidents frequently happen in moving about automobiles in a garage and that the garage operator is frequently called upon to go to the relief of the owners of automobiles injured upon the road, and to tow them into a place where repairs can conveniently be made. The construction of the language of this exception as claimed for by the defendant would exclude entirely from the coverage of the policy all damage to automobiles which had been intrusted to the garage proprietor either for storage or repair which occurred by reason of negligence in the operation of other automobiles. I do not believe that such was the intention of the parties in issuing and accepting this policy, nor is it justified by a fair interpretation of the language used.

I, therefore, hold that the loss in question was within the terms of

the policy, and that plaintiffs are entitled to recover of the defendant the amount paid out by them in the payment of the judgment recovered against them, and the reasonable cost of defending the action which has been stipulated at $175.

Findings may be prepared in accordance with this memorandum. If not agreed upon, they may be settled upon two days' notice.