Gross et al., Appellants, *v.* Kubel et al.

Cromley et al., Appellants, *v.* Kubel et al.

Argued April 16, 1934.  Before FRAZER, C. J., SIMP-
SON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Edwin J. McDermott,* with him *William Charles
Brown,* for appellants.—The garnishee is estopped be-
cause the facts upon which it based its disclaimer, al-
though not learned by it until seven months and fourteen
days after the happening of the accident, could always
have been ascertained by a reasonable investigation or
by inquiry from its assured: Malley v. Indemnity Co.,
297 Pa. 216.

The garnishee's conduct in retaining control for the
period in question was sufficient for an estoppel to arise:
Lewis v. Cas. Co., 304 Pa. 503.

The insured was prejudiced by the insurer's conduct.

The defendant, the insured, was not at the time of the
accident operating his automobile for carrying passen-
gers for hire: P. R. R. Co. v. Price, 96 Pa. 256; Bricker
v. R. R. Co., 132 Pa. 1; Sweigart v. Shreiner, 14 D. & C.
435.

The provision of the policy applies only to a regular
use of the property insured: Murphy & Co. v. Cas. Co.,
89 Pa. Superior Ct. 281.

*W. A. Hamilton* and *Francis Chapman,* for appellees, were not heard.

PER CURIAM, May 21, 1934:

These four appeals arise from the same set of facts and will be disposed of together. Appellants, who were plaintiffs in the court below, sought by attachment sur judgment to enforce the liability of garnishee upon its policy of insurance issued to defendant Kubel. Plaintiffs had obtained judgments against Kubel in actions to recover damages for injuries sustained by the minor plaintiffs in an accident which occurred while they were traveling in defendant's automobile. The garnishee disclaimed liability under the insurance policy on the ground of violation of a condition providing that the policy should not cover any accident occurring while the automobile was being operated "for carrying passengers for hire." The only disputed question of fact was whether the insured was carrying passengers for hire in his automobile at the time of the accident, and the trial judge, hearing the case without a jury by agreement of the parties, found "that at the time of the accident defendant was using and operating his automobile in carrying passengers for hire." The testimony fully supports that conclusion.

Defendant was a member of the basketball team of the Philadelphia Normal School, which played a regular series of games with other teams in Philadelphia and in various adjacent towns and cities. The members of the team generally traveled to and from these games by bus or rail, their fares being paid out of a fund available for the purpose. Occasionally, however, trips were made in cars owned by players or by one Allen, an instructor of physical education at the school, who acted as treasurer and manager of the team. In instances where private cars were used, the owner of the car was either paid an amount equivalent to bus fares or compensated for the

cost of the oil and gasoline, and given in addition a small amount for the use of the car.

At the time of the accident in question, defendant and four other members of the team were traveling to Trenton in defendant Kubel's car to take part in a basketball game with Rider College. With them was a Miss Martha Cromley, who was to attend the game as a spectator and was not a paying passenger. While traveling on the Lincoln Highway near Langhorne, a collision with two other cars took place, as a result of which Gross, one of the members of the team, and Miss Cromley were injured. They subsequently brought actions against defendant Kubel and obtained judgments against him.

In holding that the facts indicated above, concerning the arrangement under which the car was being used at the time of the accident, brought it within the conditions prohibited in the insurance policy, the trial judge stated: "Under these facts, which are substantially undisputed, it is clear that the defendant was operating his car in the transportation of passengers for hire when the accident occurred. The arrangement for compensation under which he was carrying his passengers was more than a mere reimbursement for the gas and oil used by all in common on the trip. It went to the additional extent of compensating him for the use of the car. Had he been paid only a sum equivalent to the cost of the gas and oil used, a serious question might have arisen as to whether such a payment would have constituted a carrying for hire. The additional sum paid to him, however, brings the operation of the car squarely within the clause of the policy......"

The court below accordingly held the garnishee had a complete defense to the attachment execution, not only as to plaintiff Gross but also as to Miss Cromley, who was a guest in the car. Referring to the judgment secured by the latter, the trial judge correctly stated: "The fact, therefore, that this plaintiff was not herself a paying passenger cannot give her any rights against the

garnishee, whose policy did not cover the accident in which she sustained her injuries."

The only other question raised for our consideration pertains to facts in the case which appellant argues constitute a waiver by the company of its right to disclaim liability under the policy. This problem was thoroughly discussed and answered by the court below and we need do no more than quote the following excerpts from the opinion of the court in banc:

"Immediately after the accident, the defendant notified his insurance company, the defendant garnishee, of the accident, but did not inform it that he was carrying passengers for hire at the time, a fact which rendered the policy issued by the company inoperative. Being thus uninformed of the true status, as passengers for hire, of the occupants of the defendant's automobile, the company's attorney entered his appearance for the defendant, and seven months later sent for him to prepare for trial one of the cases growing out of the accident. The defendant then for the first time informed the company that all but one of the occupants of his car were passengers for hire when the accident happened. The company thereupon immediately notified the defendant that it disclaimed liability under the policy, and withdrew from the defense. This occurred nineteen months before the first, and twenty-six months before the second and final trial of the case against the defendant.

.   .   .   .   .   .   .   .   .   .   .

"None of the cases cited by the plaintiff, either from this or from other jurisdictions, holds an insurance company liable under facts similar to those of the case before us: nothing contained in them applies to a case where the assured has concealed from the insurance company the fact that he has violated a condition of the policy, and the insurance company does not know, and is deterred from investigation by the concealment of the assured. In such circumstances estoppel does not operate to prevent the company from disclaiming immediately

upon its learning the facts which justify the disclaimer. See Doolan v. United States Fidelity & Guaranty Co., 85 N. H. 531, which is the closest to this case, on its facts, that has been called to our attention.

"The rule to be gathered from the numerous reported decisions upon this subject seems to be that the entry of an appearance for an insured by his insurance company does not of itself constitute a waiver of a defense available to it under the policy it has issued, but that it is entitled to a reasonable time in which to investigate and determine whether it desires to avail itself of any defense that may be found to exist. If its investigation is conducted with reasonable dispatch and its disclaimer is made with promptness upon the discovery of the facts, it does not lose its defense by the mere entry of an appearance. There can be no final rule for determining whether a company has acted reasonably in this respect. This question must be solved by a consideration of the circumstances of each case...... Applying these principles to the case before us, we are of opinion that the interval of seven months before the company disclaimed liability under the policy, during which it relied in good faith upon the appearances created by the report of the accident by the insured, was not an unreasonable delay, especially when it is recalled that the company acted a full year and a half before the case came on for trial, and immediately upon discovery of the defense available to it. This gave the insured ample time to prepare his own defense to a suit for damages growing out of an accident for which the company never was liable under the express terms of its policy."

The judgments are affirmed.