**AMERICAN LUMBERMEN'S MUT. CASU-
ALTY CO. OF ILLINOIS v. WILCOX
et al.**

**No. 2085.**

District Court, W. D. New York.
Oct. 16, 1936.

Steele & Schultz, of Buffalo, N. Y., for plaintiff.

Ulysses S. Thomas, of Buffalo, N. Y., for defendants Ellen M. Wilcox and Clayton W. Ingles.

Wendell V. O'Shea, of Le Roy, N. Y., for defendants Electa Wilcox and Leonard A. Ingles.

KNIGHT, District Judge.

Plaintiff through a declaratory judgment seeks interpretation of the provisions of its liability policy issued to the defendant Ellen M. Wilcox, containing the provision that "this policy shall not cover, (4) any automobile while * * * used to carry passengers for a consideration. * * *" The sole issue is whether the automobile on the occasion of an accident was used to carry passengers for a consideration in violation of the foregoing provision in the policy. The record discloses that the defendant Ellen M. Wilcox, in her insured automobile, regularly transported one Clarence Brown from about the 1st of October, 1935, to the last of February, 1936, between Le Roy, Genesee county, and Rochester, Monroe county, a distance of approximately 25 miles, and that Brown paid Ellen M. Wilcox for such transportation at the rate of $7.15 per month. Ellen M. Wilcox resided in Le Roy. She was employed in Rochester. Brown resided in Le Roy and was a student in Rochester. Preceding this transportation period, Brown had been commuting between these points by railroad, paying the sum aforesaid as railroad fare.

During this period of such transportation, Electa Wilcox, a sister of Ellen M. Wilcox, and Leonard A. Ingles and Clayton W. Ingles were transported in this same car between the aforesaid places. The record discloses that during this time Leonard A. Ingles operated the car and that Clayton W. Ingles generally provided the gasoline. While the testimony is confused as regards the exact arrangement with Clayton W. Ingles for transportation, it is a fair conclusion from the evidence that the gasoline purchased by him was in payment for his transportation in this car.

The question of what constitutes "carrying passengers for a consideration" has been construed by numerous courts. Cases cited in which it has been held that the violation of a provision of the policy works a forfeiture are not applicable here. The provision in question is a condition subsequent and is applicable only in case of any accidents occurring while transportation is being given contrary to its provisions.

The plaintiff is responsible for the form of policy. Under these circumstances, the rule is well settled that any ambiguity therein is to be strictly construed against the company. Marcus v. United States Casualty Co., 249 N.Y. 21, 162 N.E. 571; Miller v. American Eagle Fire Ins. Co., 253 N.Y. 64, 170 N.E. 495; Parry v.

Maryland Casualty Co., 135 Misc. 883, 238 N.Y.S. 613; Fox v. Employers' Liability Assur. Corporation, 239 App.Div. 671, 268 N.Y.S. 536. The rule is not applicable here, for there is no ambiguity. The language is simple and clear. The insuring company had the right to assert this limitation. The reason for it doubtless is in the assumed likelihood of additional hazard.

The contention is made that the word "passengers" is used and that in the instant case there was but a single passenger. The rule of construction is that singular number includes plural number in the interpretation of contracts, and a contrary construction is only necessary when the plain intent of the contract shows the contrary construction necessary to give effect to the intention of the contracting parties. Garrigus v. Parke County, 39 Ind. 66, 70; Bouv.Law Dict. (Rawle's 3d Ed.) p. 3075; Statutory construction follows this rule. See section 35, General Construction Law of the state of New York (Consol.Laws, c. 22).

Clauses containing exceptions or limitations substantially the same as that hereinbefore quoted have received consideration in numerous courts. In Gross v. Kubel, 315 Pa. 396, 172 A. 649, 95 A.L.R. 146, the injured party was a nonpaying passenger. Other passengers paid for transportation. It was held that the insurer was not liable under the clause excepting coverage. In Raymond v. Great American Indemnity Co., 86 N.H. 93, 163 A. 713, upon facts comparable to Gross v. Kubel, supra, insurer was held exempt from liability. In Sleeper v. Massachusetts Bonding & Ins. Co. (1933) 283 Mass. 511, 186 N.E. 778, 780, insured carried a single passenger on a single trip for a consideration. The insurer was held not liable, the court saying in part: "The commercial adequacy or inadequacy of the consideration, or the want of profit to the owner or operator, is immaterial under the terms of the policy." In Orcutt v. Erie Indemnity Co. (1934) 114 Pa.Super. 493, 174 A. 625, assured was paid 25 cents for a single trip transportation, and the insurer was held not liable. In Cartos v. Hartford Accident & Indemnity Co. (1933) 160 Va. 505, 169 S.E. 594, insured transported an individual on a single trip for compensation, and the court denied coverage. In Elder v. Federal Ins. Co., 213 Mass. 389, 100 N.E. 655, the policy was avoided where the son of insured carried an individual for compensation. Wood v.

American Auto Ins. Co., 109 Kan. 801, 202 P. 82, is to like effect. In Glogvics v. Preferred Accident Ins. Co. of N. Y., 245 App. Div. 817, 281 N.Y.S. 407, the policy was found voided by the fact that the insured entered into an agreement to transport another regularly between two points for a compensation equal to the railroad fare between such points.

Certain cases cited by the defendants are distinguishable from the instant case. In Juskiewicz v. N. J. Fidelity & P. G. Ins. Co., 210 App.Div. 675, 206 N.Y.S. 566, insured was towing a buggy for a friend without agreed compensation. It was held that such an act was within the provision of the policy which permitted use in "all ordinary business uses," but the court said: "If the owner of a car ordinarily used for private and pleasure purposes undertakes to transport goods and merchandise of his neighbor for hire from one place to another, he is pro tanto engaged in the business of transportation." There the policy was construed as exempting coverage of transportation of merchandise for hire in a business use. In Cartos v. Hartford Accident & Indemnity Co., supra, the cases of Crowell v. Maryland Motor Car Co., 169 N.C. 35, 85 S.E. 37, Ann.Cas.1917D, 50, and Marks v. Home F. & M. Ins. Co., 52 App.D. C. 225, 285 F. 959, are distinguished, the court pointing out that these cases involved consideration of fire insurance policies and that the liability did not arise during the alleged unlawful use. In the Marks Case the trial court directed a verdict for the defendant. On appeal it was held there was a question of fact as to whether there was transportation of passengers which should have been submitted to the jury. The expression by the court that the nullifying condition of the policy was applicable only in case of transportation for hire in a public conveyance seems obiter, but this construction was expressly repudiated in Cartos v. Hartford Accident & Indemnity Co., and Sleeper v. Massachusetts Bonding & Ins. Co., supra. The Crowell Case involved a warranty that the car would not be used for passenger service. The court did say that there "passenger" service implied more than single act and referred to the business of carrying passengers for hire.

It will be noted in this case that continued transportation over a number of months for a definite price is shown. There remains to be distinguished the case

of Yelin v. Columbia Casualty Co., 265 N. Y. 590, 193 N.E. 334, which arose in this Eighth judicial district of the state of New York. The passenger, after recovering a verdict against the assured, sued the insurer. The court directed a verdict for the plaintiff. This direction was affirmed by the Appellate Division of the Supreme Court (241 App.Div. 789, 270 N.Y.S. 1019), without opinion, one justice dissenting, and by the Court of Appeals, without opinion. The motion for the direction of verdict was based upon the ground that the plaintiff had failed to establish a cause of action, and, further, that it then appeared without contradiction that the assured was carrying the plaintiff "under an agreement whereby she (assured) was to receive $1.00 a week." I have read the record in the Yelin Case. There is considerable confusion in the testimony. It does appear that the assured carried the plaintiff in her automobile for a number of weeks, and that the plaintiff paid, assured $1. I think the evidence warrants the conclusion that there was no agreement made preceding the transportation. It further appears that the payments were received over the assured's protest and were made more in the nature of a gift than for the payment of services rendered. The evidence is such that, on the motion of both parties to direct verdict, the trial court was justified in directing a verdict for plaintiff on the ground that the evidence did not show a transportation under an agreement for hire. The agreement must be spelled out of the transaction to avoid the policy. Yelin v. Columbia Casualty Co., supra, is at the most a border line case. It seems to me it is not an authority in the instant suit where an agreement for hire was made in advance of transportation, where the rate of hire was based on the railroad transportation rate, and where the payments for transportation were made direct to the assured substantially regularly over a period of several months.

There is this additional feature to be considered in this case. Clayton W. Ingles also paid amounts in aid of his transportation. Standing alone, the proof might be insufficient to avoid the policy on account of his transactions, but it seems to me it may be considered in connection with the reason why the policy contained the aforesaid exceptions from coverage. Such reason undoubtedly was that greater hazard would result in the use of a passenger car in transportation for hire than in its ordinary uses.

While the policy reads "used to carry passengers for a consideration" and the automobile was used by the defendant for the transportation of herself and others without consideration, it also at the same time was used to carry a passenger or passengers for a consideration. In Marks v. Home Fire Ins. Co., supra, the definition of a passenger, as purported to be given by Standard and New Standard Dictionary, Webster's International Dictionary, New English Dictionary, and Bouvier's Law Dictionary, is stated. These give a definition of a passenger as one who travels in a public conveyance or by a common carrier by some established conveyance. This is too narrow a meaning when applied to facts as shown here. Indeed, it will be seen that this is one of several definitions given by the lexicographers. As hereinbefore stated, Marks v. Home Fire Ins. Co., supra, has been disapproved by several of the courts and is in conflict with the weight of authority.

Under all of the facts shown in this case, the court can see no other course than to hold that the plaintiff is exempt from the coverage of the policy in question.

Findings of fact and conclusions of law may be submitted and when signed shall be, and be considered to be, a part of this opinion.