## OCEAN ACCIDENT & GUARANTEE CORPORATION, Limited, v. OLSON et al.

### No. 10707.

Circuit Court of Appeals, Eighth Circuit.

Jan. 28, 1937.

466

T. A. Toner, of Grand Forks, N. D.
(Murphy, Toner & Kilgore, of Grand
Forks, N. D., on the brief), for appellant.

Philip R. Bangs, of Grand Forks, N.
D., for appellees.

Before GARDNER, WOODROUGH,
and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal from a judgment
in favor of the appellees and against the
appellant upon a liability insurance policy
covering bodily injuries and destruction of
property resulting from the use of an automobile owned by appellees. A jury was
waived and the case tried to the court.
At the conclusion of the trial the court
made findings of fact and conclusions of
law upon which the judgment appealed
from was entered. There was no motion
for judgment, request for findings of fact
or declarations of law. The only question
presented to this court for determination,
therefore, is whether the findings of fact
sustain the judgment. 28 U.S.C. §§ 773
and 875 (28 U.S.C.A. §§ 773, 875); Federal Intermediate Credit Bank of Omaha v.
L'Herisson, 33 F.(2d) 841 (C.C.A.8);
Brooks v. Willcuts, 78 F.(2d) 270 (C.C.A.
8); Weil v. Neary, 278 U.S. 160, 49 S.Ct.
144, 73 L.Ed. 243.

We summarize the facts from the findings of the District Court.

In August, 1933, the plaintiffs and one
Anna M. Rogn, an aunt of plaintiff Olson, were returning to North Dakota from
California in the automobile covered by
the insurance policy upon which suit was
brought. While the car was being driven
by plaintiff Olson it turned over and Anna
M. Rogn was injured. For the injuries
so sustained she brought suit against the
plaintiffs, appellees herein, in the court of
North Dakota and recovered judgment for
$4,527.20.

The instant suit was instituted to compel the insurance company to pay and satisfy said judgment. The company insisted in the lower court, as it does in this
court, that such liability is not covered by
the policy for the reason that at the time
of the injury Anna M. Rogn was being
carried by appellees "for a consideration."

The provision of the policy relied upon
by appellant to sustain such contention is
as follows:

"No insurance is granted by this policy—

"While any private passenger or commercial motor vehicle covered herein is
being used for rental or livery purposes or
the carrying of persons for a consideration
unless as respects such class of motor vehicles respectively, such use is specified in
the declarations and proper premium
therein set forth."

Upon the issue thus presented the trial
court found that all of the parties, Olson,
Bennett, and Rogn made the trip to California for their "mutual pleasure" and
that "nothing was charged or received, or
agreed to be charged or received, by the
plaintiffs, or either of them, for the use of
said automobile."

The court further found that before
leaving North Dakota for California an
agreement was made by Rogn, Olson, and
Bennett that each of them would contribute one-third of the expenses of the
trip, that a trip fund should be maintained
out of which the gasoline, oil, and hotel
expenses should be paid and to which for
each dollar contributed by Bennett, Olson
would contribute $2 with the understanding that upon arrival in California either
Dr. Olson, a relative, or Rogn would compensate Olson for Rogn's proportionate
share.

It was not definitely known that Rogn
would return with the party when they
arrived in California. Dr. Olson upon
their arrival contributed Rogn's share of
the expenses on the way out; but no contribution for her was made on the return
trip.

Appellant further contends that under the facts so found by the court appellees had breached a promissory warranty in the policy and that for such breach recovery was barred. The section of the policy referred to provides: "6. Motor vehicles insured herein, * * * (b) will not be used to carry persons for a consideration."

Both of these claims of appellant are bottomed upon the proposition that the payment of, or the agreement of Rogn to pay, a share of the expenses for gasoline, oil, and hotel bills incurred on a trip undertaken for the pleasure of the party amount in law to "consideration" for the use of the car; that it is either compensation for hire or rental under the quoted provisions of the policy.

█ The question, therefore, is whether at the time of the accident the owners of the car were engaged in using it for "carrying persons for a consideration" within the meaning of the policy. The expenses of the trip to be shared under the agreement included expenses for hotel bills, gasoline, and oil. A discussion of the legal definition of the term "consideration" as used in the law of contracts is of little aid. The word "consideration" in the policy clearly is limited to compensation for use of the car. The findings of the court as clearly exclude the idea of pay for such use. The fund contributed, or to be contributed, by the parties was to be paid out for expenses only. Had this fund been used for hotel bills only, the claim that it involved consideration for the use of the car would be frivolous. It is equally without merit when applied to expenses for gasoline and oil. The three items are alike in that they are expenses incidental to a long trip in an automobile. The agreement gave Rogn no control over or right to direct the use of the car. The contributions by or on her behalf had no relation to payments for use. They were based neither upon a mileage nor a time basis. They include no compensation for wear and tear on the car. No definite sum was to be paid the owners of the car for any definite use. Such payments did not exceed the expense, and they were fixed with reference thereto. We are of the opinion that upon this point the findings of the trial court sustain the judgment. This conclusion finds support in the following cases: Indemnity Insurance Co. v. Lee, 232 Ky. 556, 24 S.W.(2d) 278; Cartos v. Hartford Accident & Indemnity Co., 160 Va. 505, 169 S.E. 594; Askowith v. Massell, 260 Mass. 202, 156 N.E. 875; Reed v. Bloom (D.C.Okl.) 15 F.Supp. 600; Perkins v. Gardner, 287 Mass. 114, 191 N.E. 350; Park v. National Casualty Co. (Iowa) 270 N.W. 23, 27.

In the recent decision of the Supreme Court of Iowa in the Park Case, supra, the court was called upon to construe the provisions of a casualty insurance policy similar to the provisions presented for construction in the instant case; and the question to be decided, as in this case, was whether or not a person in the insured automobile who contributed to the expense of the trip was being carried "for a consideration." The court, speaking through Mr. Justice Richards, held that he was not being so carried. The court, after reviewing most of the cases cited above and some others, say: "It is apparent that the authorities quite generally concede that money passing from the passenger to the operator of a car, though associated with the carrying of the passenger, may or may not be a consideration for such carrying, within the meaning of a policy provision such as we are considering. In making the distinction the courts take into consideration not alone the bare transaction but all its surrounding circumstances, including among other things the status and relations of the parties one to another, the existence or lack of common interest, pleasure, or benefit in the making of the journey, and the relation of the amount of the money to the actual costs of carrying."

Our own review of all the cases called to our attention in the briefs or discovered by our own research leads us to the same conclusion. The authorities, without dissent so far as we can find, hold that contribution by a person to the expense of a trip by automobile for the joint pleasure of the party, where the parties are friends or are related, is not "consideration" or hire within the meaning of policy provisions such as those now before us. On the other hand, where the parties are strangers and the relation is a business one only, or the contribution is not related to the expense of the trip or exceeds the amount of the expense, the arrangement constitutes a carrying "for a consideration" within the meaning of such policies. Gross v. Kubel, 315 Pa. 396, 172 A. 649, 95 A.L.R. 146; Orcutt v. Erie Indemnity Co., 114 Pa.Super. 493, 174 A. 625.

..Appellant urges further that since the accident occurred in South Dakota it was necessary under the guest statute of that state (Laws S.D.1933, c. 147) for Rogn to recover to establish that she was not a guest. Therefore, it is argued, since she recovered a judgment she must have established that fact, and that such fact is inconsistent with the finding of the court that she was not a passenger for hire. This contention is without any foundation in the record. It is covered by no assignment of error; the bill of exceptions does not contain a report of the trial in the South Dakota court; and the point is covered by no exception, request for finding or declaration of law. It cannot, therefore, be considered by this court.

For the reasons stated, the judgment appealed from is affirmed.

Affirmed.