**STATE FARM MUT. AUTOMOBILE INS. CO. v. SELF.**

**No. 8547.**

Circuit Court of Appeals, Fifth Circuit.

Dec. 2, 1937.

Neth L. Leachman, of Dallas, Tex., for appellant.

Dallas Scarborough and W. R. Ely, both of Abilene, Tex., for appellee.

Before HUTCHESON and HOLMES, Circuit Judges, and STRUM, District Judge.

STRUM, District Judge.

Appellant issued to N. W. Woodhouse a policy of public liability insurance covering, as therein limited, legal liability imposed upon assured for bodily injuries to others, or damage to their property, resulting from the operation of an automobile owned by Woodhouse.

Thereafter, a collision occurred between Woodhouse's car described in the policy and another car belonging to plaintiff below, Joe Self, resulting in bodily injuries to Self's wife and damages to his car, for which Self recovered judgment against Woodhouse in a Texas state court. Execution having been returned nulla bona, Self instituted this action, in which he succeeded below, to enforce liability against the insurance company under the insolvency and bankruptcy clause of the policy. The insurer contends here, as it did below, that at the time of the collision Woodhouse was carrying passengers "for a consideration," and that such operation of the car was excluded from the coverage of the policy.

The policy covered operation of the car for pleasure and business; assured stating his business to be "Farmer." The policy contains the following clause, upon which the principal defense is based: "Purposes of Use Defined: The term 'Pleasure and Business' means personal, pleasure and family use including business calls, and does not include, and the Policy does not cover: When there is renting or livery use of the automobile, or while anyone is being carried for a consideration. * * *"

Woodhouse lived about one mile from Mesa, Ariz., near Phœnix. He owned a farm about 100 miles south of Tulsa, Okl., which he wished to visit on business; this being the primary incentive for the trip. Woodhouse testified that his most convenient route to the farm passed through Tulsa, Okl. Originally he intended making the eastward trip alone, but wishing to secure some one to go with him "to help defray expenses," he went to a public travel agency in Phœnix where he arranged to transport five persons, all strangers and not related to him, to various addresses in Oklahoma City and Tulsa, Okl., for the total sum of $37.50, which

apparently was paid pro rata, $7.50 each, by the five travelers to be transported, and which was paid before leaving Phœnix. Woodhouse cautioned one of the travelers not to say anything about having paid for his transportation. While traveling eastward near Sweetwater, Tex., en route to Oklahoma City, Tulsa, and thence to the farm, and while carrying the five passengers in the circumstances stated, the collision in question occurred.

■ Whether or not money passing from a traveler to the operator of an automobile in connection with a journey constitutes a "consideration," within the meaning of a policy provision of the character here under consideration, depends upon the circumstances. Though payment of the money be associated with the transportation, the courts, in determining whether or not such payment amounts to a "consideration" for the carrying, take into account not only the payment of the money, but all the attending circumstances, including the relationship of the parties to one another, the existence or lack of common interest, pleasure or benefit in making the journey, whether the carrying involves a deviation from the route that would otherwise be followed by the vehicle, the relation of the amount paid to the actual cost of the carrying, and like matters. Park v. National Casualty Co., (Iowa) 270 N.W. 23, 27.

Appellee, plaintiff below, relies upon the rule that voluntarily sharing the cost of gasoline and oil consumed on an automobile trip taken by relatives or friends for social purposes or the joint pleasure of the parties does not constitute carrying for a "consideration" within the meaning of such a policy provision as this, where the sums contributed bear a fair relation to the expense of the trip. Ocean Accident Corporation v. Olson (C.C.A.) 87 F. 2d 465; Park v. National Casualty Co., supra.

■ This, however, is not such a case. The travelers carried by Woodhouse were total strangers to him. His contact with them was secured solely through a public travel agency. They had no common nor integrated interest in the journey. The five travelers were interested only in procuring transportation to their several, and differing, destinations. They had no concern with Woodhouse's trip to his farm. Woodhouse had no interest in the travelers or their journey other than to transport them for a predetermined and already collected fare which was fixed, not with reference to the actual expense of the trip, but at an arbitrary amount which might have exceeded or been less than the actual cost. The sums thus exacted by Woodhouse were more than mere reimbursement for expenses incurred by all on a co-operative trip in which the travelers had a common interest. The payment of $7.50 by each passenger was not a mere incidental contribution to the actual expense of a common journey. It was tangible and fixed compensation which was the motivating influence for furnishing the transportation. The persons carried were therefore not mere contributing guests, but paying passengers. Such operation of the car is clearly within the policy exception above quoted, which excludes coverage not only when the car is used for "renting" or "livery purposes," but also "while anyone is being carried for a consideration." Ocean Acc. Corporation v. Olson, supra; Gross v. Kubel, 315 Pa. 396, 172 A. 649, 95 A.L.R. 146; Neilson v. American Ins. Co., 111 N.J.L. 345, 168 A. 436; Orcutt v. Erie Indemnity Co. 114 Pa. Super. 493, 174 A. 625; Mittet v. Home Ins. Co., 49 S.D. 319, 207 N.W. 49; Cartos v. Hartford, etc., Co., 160 Va. 505, 169 S.E. 594, 598; American Lumbermen's Co. v. Wilcox (D.C.) 16 F.Supp. 799.[1]

The facts in this case differ widely from those in Marks v. Home Insurance Co., 285 F. 959, where the payments by the persons transported were unsolicited contributions by friends or relatives of the operator of the car. Moreover, the policy exception there involved was carrying "passengers" for "compensation." This policy exception, carrying "anyone" for a "consideration," is much more comprehensive.

Appellant's motion for a directed verdict below should have been granted.

Reversed.

---

[1] Contrast McCann v. Hoffman (Cal. Sup.) 70 P.2d 909, with Walker v. Adamson (Cal.Sup.) 70 P.2d 914, decided under the California automobile "guest" statute.