## JENSEN et al. v. CANADIAN INDEMNITY CO.

No. 8793.

Circuit Court of Appeals, Ninth Circuit.

Aug. 15, 1938.

David E. Peckinpah, Harold M. Child, and L. N. Barber, all of Fresno, Cal., for appellants.

Gibson, Dunn & Crutcher and Philip C. Sterry, all of Los Angeles, Cal. (Frederic H. Sturdy, of Los Angeles, Cal., of counsel), for appellee.

Before GARRECHT, STEPHENS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

The appeal is from a judgment denying recovery in a suit on a policy of automobile liability insurance. The case was tried to the court, sitting without a jury. The trial court's special findings of fact, not challenged here, disclose the following situation:

Peter P. Hansen was insured by appellee in respect of liability for injuries to or the death of third persons growing out of the operation of the insured's car. The policy of insurance contained a provision to the effect that "the company shall not be liable * * * for: * * * Accidents occurring while the automobile * * * shall be used for carrying passengers for compensation."

At a time when the policy was in force, Mads Madsen and Chris Jensen were riding in the Hansen automobile, which was being operated by Hansen. An accident occurred, and as a result Jensen received injuries from which he died. The appellants are the sons of Jensen. They, together with Jensen's widow, brought suit against the insured, Hansen, claiming that the accident was due to the latter's negligence. In that suit, which the appellee insurance company defended, judgment in the amount of $7,500 and costs was entered against the insured. The judgment was affirmed on appeal. Jensen v. Hansen, 12 Cal.App.2d 678, 55 P.2d 1201. Hansen failed to pay the judgment, and appellants brought this suit against his insurer.

On the day of the accident, the insured, Madsen and Jensen were engaged in making appraisals for a national farm loan association. For a period of time the three had been doing the appraisal work of the association. In traveling about to make the appraisals the three would on some occasions use the automobile of Madsen, sometimes that of Jensen, and sometimes that of Hansen. They had a standing agreement among themselves that in the use of the automobiles a charge of 5 cents per mile would be made, this charge to be borne equally by the three. On the day of the accident it was understood that Madsen and Jensen would each pay to the insured the sum

of one and two-thirds cents per mile for the use of the latter's automobile.

The association paid the sum of $5 for each appraisal, this sum being divided equally among the three appraisers. While it was not necessary for all three men actually to view the property appraised, it was necessary for all three to sign the appraisal report before they became entitled to the fee allowed by the association. It was necessary for the men to use an automobile in the performance of their appraisal work.

From these findings, the trial court concluded as a matter of law that at the time of the accident the automobile was being used for carrying passengers for compensation; and accordingly judgment was rendered for the appellee insurance company. The question presented here is whether the conclusion and judgment are supported by the findings.

■ The insurance contract was executed and delivered in California, and the California law governs in its interpretation. Mutual Life Ins. Co. v. Johnson, 293 U.S. 335, 55 S.Ct. 154, 79 L.Ed. 398; Erie R. R. Co. v. Thompkins, 58 S.Ct. 817, 82 L.Ed. ——, 114 A.L.R. 1487; Ruhlin v. New York Life Ins. Co., 58 S.Ct. 860, 82 L.Ed. ——. California has a guest statute absolving the operator of an automobile from liability for injury to guests, except for intoxication or wilful misconduct. Stats.1931, p. 1693, Deering's General Laws, p. 2520, Act 5128, Sec. 141¾. The passengers carried in the Hansen car were not guests. Jensen v. Hansen, supra. However, from the fact that a passenger is not a guest it does not necessarily follow that he is a passenger for compensation, within the meaning of exclusion clauses of the type here involved. Western Machinery Co. v. Bankers Indemnity Co., Cal.Sup., 75 P.2d 609. See also 26 Calif.Law Review 503.

■ The only helpful California decision to which our attention has been called is that of Western Machinery Co. v. Bankers Indemnity Co., supra. There the policy contained the provision that "none of the insured automobiles are or will be used to carry passengers for a consideration, actual or implied." An employee of the insured Machinery Company used one of its vehicles to transport a prospective purchaser of machinery to a place where the machinery might be inspected. As a consequence of the driver's negligence, an accident occurred and the passenger was injured. No monetary consideration for the transportation was paid by the passenger. The Supreme Court of the state, after observing that the question had not previously been passed upon in that jurisdiction, reviewed the cases in other jurisdictions and concluded that the car was not being used to carry passengers for a consideration, actual or implied.

The appellants rely in part on Marks v. Home Fire & Marine Ins. Co., 52 App. D.C. 225, 285 F. 959, in which the term "passenger" was defined as meaning one who is carried for a fare in some established or public conveyance. However, in Western Machinery Co. v. Bankers Indemnity Co., supra, the California court did not accept the definition. On the contrary, the court, with tacit approval, called attention to the repudiation of the Marks Case in Sleeper v. Massachusetts Bonding & Ins. Co., 283 Mass. 511, 186 N.E. 778 and in Neilson v. American Mutual Liability Ins. Co., 111 N.J.L. 345, 168 A. 436.

Holdings similar to the Marks Case are found in Arms v. Faszholz, Mo.App., 32 S.W.2d 781, and Maringer for Use of Del Boccio v. Bankers Indemnity Ins. Co., 288 Ill.App. 335, 6 N.E.2d 307, also relied on by appellants. Other cases, similarly, have turned upon the proposition that the word "use" should be considered as meaning a continued use, and not a casual one. Commercial Union Assur. Co. v. Hill, Tex.Civ.App., 167 S.W. 1095; Crowell v. Maryland Motor Car Ins. Co., 169 N.C. 35, 85 S.E. 37, Ann.Cas.1917D, 50. These authorities have been said to be distinguishable, however, for the reason that they involve questions of forfeiture arising from a breach of warranty. Cartos v. Hartford Acc. & Indemnity Co., 160 Va. 505, 169 S.E. 594. See, also, Appleman, Automobile Liability Insurance, 1938, pp. 165-168. It is fairly clear that the doctrine of these cases would not be applied in California in a situation involving an exclusion clause in a public liability policy.

In Sleeper v. Massachusetts Bonding & Ins. Co., supra, and in Neilson v. American Mutual Liability Ins. Co., supra, a monetary consideration for the transportation was paid, in one case by the passenger, and in the other by a third party on the passenger's behalf. In the Sleeper

Case, it was said that (186 N.E. page 779) "whenever there is a contract, based on valuable consideration, having as its main purpose the carrying of passengers, the insurer under the form of policy in this case[1] does not undertake to indemnify the owner or operator against liability for an occurrence during the journey covered by the contract." In that case, and also in the Neilson Case, recovery on the policy was denied. In the Western Machinery Co. Case, the California court quotes, also, with seeming approval, from Ocean Accident & Guarantee Corp. v. Olson, 8 Cir., 87 F.2d 465, to the effect that "the word 'consideration' in the policy clearly is limited to compensation for use of the car." (75 P.2d page 610.) There, it had been found that the injured passenger and the owner and operator of the car had made a trip "for their 'mutual pleasure'" and that "nothing was charged or received, or agreed to be charged or received," by the operator "for the use of said automobile." Holdings similar to the Olson Case, although different results on the facts were reached, are found in Gross v. Kubel, 315 Pa. 396, 172 A. 649, 95 A.L.R. 146 and in Orcutt v. Erie Indemnity Co., 114 Pa.Super. 493, 174 A. 625.

An extended analysis of the case law on this subject need not be undertaken. In the light of the facts and of the decisions to which attention has been called, we are constrained to affirm the judgment of the trial court. The case before us is not one in which the owner of the car was to be reimbursed for operating expenses. Ocean Accident & Guarantee Corp. v. Olson, supra. Nor is it one in which the compensation was paid as a voluntary contribution or as a mere social amenity. See Reed v. Bloom, 15 F.Supp. 600, D.C.Okla.; Yelin v. Columbia Casualty Co., 265 N.Y. 590, 193 N.E. 334. There was here a prior agreement to pay a fixed amount of money based upon the mileage traveled. See Maryland Casualty Co. v. Martin, 88 N.H. 346, 189 A. 162; Sleeper v. Massachusetts Bonding & Ins. Co., supra; Orcutt v. Erie Indemnity Co., 114 Pa.Super. 493, 174 A. 625; American Lumbermen's Mutual Casualty Co. v. Wilcox, D.C., 16 F.Supp. 799. Compare Park v. National Casualty Co., 222 Iowa 861, 270 N.W. 23. The findings are that the money was to be paid for the use of the car. The transportation of the deceased and his fellow passenger in pursuance of this agreement constituted the carrying of passengers for compensation within the plain language of the policy.

Affirmed.

---

[1] The policy excluded coverage "when" the motor vehicle is being used in the "carrying of passengers for a consideration."