## Wilkosz v. Employers' Liability Assurance Corp.

*Edward H. Carney* and *Lindley R. McClelland,* for plaintiff.

*Thomas E. Doyle,* for defendant.

LAUB, J., May 25, 1957.—This is an action in assumpsit in which plaintiff, suing as a third-party beneficiary to an insurance contract, seeks to impose li-

ability upon the insurer for a judgment recovered against James R. Kress, Jr., an employe of the insured. Defendant has brought preliminary objections in the nature of a demurrer and a motion for a more specific complaint. It is these objections which occupy our attention at this time.

The action arises out of the following pleaded facts and the insurance policy attached to the complaint: Kress, as an agent and employe of the John Hancock Mutual Life Insurance Company (hereinafter to be referred to as Hancock), and engaged in the furtherance of the business of the said company, was operating his own vehicle upon the highways of this county. At the time in question, Neale Hopkins, another employe of Hancock, was riding with him as a passenger. During such operation of Kress's vehicle, a collision occurred with the vehicle of Michael Wilkosz, plaintiff in the present action. Kress, Hopkins and Wilkosz were all injured in the collision. As a result, Hopkins sued Wilkosz. Wilkosz then joined Kress as an additional defendant and filed a complaint against him to recover for his own injuries. Kress filed an answer to the complaint and counterclaimed against Wilkosz for his own injuries. Wilkosz answered the counterclaim, and the matter was then ripe for trial. At no time was Hancock named as an additional defendant although Wilkosz started proceedings to do so. These were abandoned prior to trial.

· The case went before a jury which returned a verdict in favor of both Wilkosz and Hopkins against Kress, Wilkosz's verdict being in the amount of $5,-532.07, the sum which is claimed in the present action.

Defendant does not contest the right of a third-party beneficiary to an insurance contract to bring an action against the insurer, and the law apparently is that such a suit may be maintained. In Brower v. Em-

ployers' Liability Assurance Company, Ltd., 318 Pa. 440, and Laroche v. Farm Bureau Mutual Automobile Insurance Co., 335 Pa. 478, plaintiffs had been injured in accidents with persons allegedly insured by defendant companies. Having been unable to collect their judgments against the wrongdoers, suit was instituted against the insurance carriers. In both cases the suits were dismissed because the facts did not justify a recovery, but the court assumed the right to maintain the action in proper cases.

On the other hand, in Ferguson v. Manufacturers' Casualty Insurance Company, 129 Pa. Superior Ct., 276, 280, it was stated that the correct way for the third-party beneficiary to test the liability of the company is to issue an attachment execution naming the insurer as garnishee. This alternative remedy was applied in Antone v. New Amsterdam Casualty Co., 335 Pa. 134, and Gross v. Kubel, 315 Pa. 396. Apparently the injured party may elect which remedy to follow. In any event, defendant takes the position (1) that plaintiff was not covered by the present policy and (2) if covered, he has not complied with a condition precedent to the maintenance of suit, namely, the issuance of execution against the original defendant which has been returned nulla bona, or an allegation of insolvency on the part of Kress.

In attacking the first problem presented by defendant, it is necessary that we have recourse to the policy provisions in order to determine whether Kress was covered thereby. The insuring agreement is a covenant between the named insured and the insurer whereby the latter agrees to "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury," etc., or "destruction of property" arising out of the ownership, maintenance or use of an automobile. "Automobile" as

used in the policy is defined therein to be the automobile named in the policy but does not extend to an automobile used in the business of the insured except a private passenger automobile operated or occupied by the named insured's servants. "Insured", is defined to mean (1) the named insured, and (2) any person while using the automobile provided the actual use of the automobile is by the named insured or with his permission. The named insured is Hancock.

In addition to the provisions of the policy above-mentioned, both parties find solace in the provisions of a rider or supplementary agreement attached to the policy which provides as follows:

"2. Application of Insurance.

"(a) The insurance applies only to (1) the named insured, and (2) any executive officer of the named insured, as insured, except as stated in divisions (a) and (b) of the Definition of Insured agreement of the policy and except with respect to any automobile owned by such officer or a member of his household.*

"(b) The insurance applies only to the use, by any person other than the named insured, of any non-owned automobile of the private passenger type in the business of the named insured as stated in the declarations, and to the use in such business, by any employe of the named insured, of any non-owned automobile of the commercial or truck type if such use of such automobile is occasional and infrequent."

Defendant maintains that since Kress was not the named insured and was not an executive officer of Hancock, Kress was not covered by the policy. The third alternative set forth in the rider, that is, the application of the insurance to a person using a nonowned automobile of the private passenger type in the busi-

---

* The exceptions (a) and (b) do not have factual relation to the present problem.

ness of the named insured as stated in the declarations, defendant dismisses with the observation that such use, under the definition of "insured" mentioned above, must be with the insured's permission. Plaintiff, on the other hand, points to the third alternative as proof of Kress's status as an insured and dismisses the restrictive requirements of permission as being overridden by the endorsement. The pleadings are silent concerning the material contained in the "declarations." We find, in the policy, the following:

"Declarations. The named insured declares that the schedule contains a complete list of all persons within the definition of Class 1 persons, including a designation of each such person using a non-owned trailer, at the effective date of the policy." Class 1 persons are described in the policy to be "5. (1) The words 'Class 1 persons' shall mean the following persons, provided their usual duties in the business of the named insured include the use of non-owned automobiles: (a) all employees, including officers, of the named insured compensated for the use of such automobiles by salary, commission, terms of employment, or specific operating allowance of any sort; (b) all direct agents and representatives of the named insured."

We are of opinion that if Kress falls within the class of persons mentioned in clause (b) of the rider, this suit may be maintained. The general provision limiting liability to the use of an automobile with the permission of the named insured obviously applies only to automobiles owned by the named insured and cannot and does not apply to the use of a nonowned automobile by an employe of the company in furtherance of the business of the insured. The rider was quite patently intended to extend the coverage of this policy to such employes as might fall within the definition of class 1 persons; the question whether the insured had

to be named in the schedule depends entirely upon whether Kress was a class 1 person at the time of the effective date of the policy. In this connection the complaint is defective for it does not allege sufficient facts to bring Kress within the provisions of the policy. This must be covered in the amendment which we shall ultimately require.

Plaintiff in this case has no higher rights than the person insured: Antone v. New Amsterdam Casualty Co., 335 Pa. 134, 143. In consequence, plaintiff must not only show that Kress was one of the persons covered in the policy as discussed above, but must also show that all of the terms and conditions precedent to liability have been observed. The complaint states, inter alia, that defendant had almost immediate knowledge of the accident and the institution of legal proceedings, but denied coverage. This is not sufficient. Paragraph 11 of the conditions of the policy provides that no action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of the policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company. Paragraph 7 of the conditions requires written notice of an accident to be given by the insured to the company as soon as practicable, such notice to contain particulars sufficient to identify the insured and to give the time, place and circumstances of the accident. Paragraph 8 requires that if claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative. From this it is obvious that the complaint must state that the conditions thus set out have been met or that circumstances existed which made compliance with

these requirements unnecessary. These matters must be covered by the amendment subsequently to be allowed since there is no averment in the complaint that conditions precedent to recovery have been complied with as provided in Pa. R. C. P. 1019(c).

As noted above, defendant maintains that suit may not be maintained unless it be shown that plaintiff first issued execution upon which there was a return of nulla bona, or unless it be shown that Kress was insolvent. In support of this contention it is alleged that suits of this character may not be maintained unless there is statutory authority therefor.

Support for this contention lies in Ferguson v. Manufacturers' Casualty Insurance Co., supra. Pennsylvania has such a statute. The Act of May 24, 1933, P. L. 987, 40 PS §117, (which was mentioned in the Ferguson case but which was not in effect when the policy invoked in that case was issued and the cause of action accrued), provides that all policies thereafter written must contain a clause providing that the insolvency or bankruptcy of the insured shall not release the insurer, and stating that the injured person may, upon such bankruptcy or insolvency of the insured, or upon a return of execution unsatisfied, maintain an action against the insurer for the amount of the judgment, not exceeding the amount of the policy. A reading of this statute leads to the conclusion that bankruptcy, insolvency or the return of an unsatisfied execution are ordinarily conditions precedent to the maintenance of suit. However, the present policy contains the following provisions:

"Any person . . . who has secured . . . judgment . . . shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy . . . Bankruptcy or insolvency of the insured or of the insured's estate shall not relieve the company of any of its obligations hereunder."

Thus, under the policy itself, liability in the insurer is established regardless of proof of insolvency or the issuance of an execution which has not been satisfied. The terms of the policy are more liberal than those of the statute and the insurer, by contract, has eliminated the necessity for those conditions precedent to liability which the statute establishes. There is no contravention of public policy in such a contract. In consequence, defendant's second contention must be discarded as invalid.

The matters contained in defendant's motion for a more specific complaint have been cured by an amendment subsequently filed. The motion will, therefore, be denied, although it is obvious that a further amendment is necessary in order that plaintiff show a good cause of action.

And now, to wit, May 25, 1957, defendant's preliminary objections in the form a demurrer are sustained and the action is dismissed unless plaintiff files an amendment within 30 days; and defendant's preliminary objections in the form of a motion for a more specific complaint are dismissed.