16896.   FORRESTER, administrator, *v.* FRIZZELL.

1. There is no merit in either of the grounds of the motion to dismiss the bill of exceptions.
2. "It may be laid down as a general proposition that where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him."

DECIDED JULY 13, 1926.

Illegality of execution; from Walker superior court—Judge Wright.   August 18, 1925.

*McClure & McClure, Rosser & Shaw,* for plaintiff.

*R. M. W. Glenn, Norman Shatluck,* for defendant.

BLOODWORTH, J.   1.   A motion to dismiss the bill of exceptions was made on two grounds, neither of which has any merit.   One of the grounds is:   "It appearing that the judgment excepted to bore date of August 18, 1925, and the bill of exceptions was presented to the clerk on Oct. 16, 1925 (the trial judge being dead), the same being more than thirty days from the date of the judgment, and it not appearing that the same was within thirty days from the judgment complained of, and it not appearing that the court continued in session more than thirty days."   The last clause of this ground is an incorrect statement.   In his certificate to the transcript of the record, dated October 21, 1925, evidently overlooked by counsel for defendant in error, the clerk certifies that "the August term of said court, at which said case was tried, has not adjourned."   This being true, plaintiff in error had sixty days from the date of the judgment of which complaint is made, in which to tender his bill of exceptions.   Civil Code (1910), § 6152.

2.   Plaintiff in error, a creditor of the bankrupt, filed a petition in the bankruptcy court, and prayed that the court "withhold any discharge in bankruptcy from said bankrupt until your petitioner shall have had a reasonable time sufficient to prosecute his said claim in the State courts of Georgia, for the purpose of subjecting said homestead property as aforesaid."   To which said petition a demurrer was filed, and an order was signed by Judge Sibley as follows:   "The bankrupt, S. T. Frizzel, having demurred to the

Appeal and Error, 4 C. J. p. 271, n. 32.
Estoppel, 21 C. J. p. 1228, n. 69.

petition to withhold the bankrupt's discharge, and taken the position that the discharge will not operate to stop the proceeding of the execution of the judgment creditor, said demurrer is hereby sustained, and the petition to withhold the bankrupt's discharge hereby dismissed for this reason." In the affidavit of illegality which was afterwards filed in the superior court of Walker county, Georgia, the bankrupt attempted to prevent the enforcement of the execution against him, by alleging that by reason of his discharge in bankruptcy he had been discharged from all debts and claims against his estate made provable by the bankruptcy case. This was in direct conflict with the former position assumed by the bankrupt, as shown by the foregoing order of Judge Sibley. "It may be laid down as a general proposition that where a party assumes a certain position in a legal proceeding and succeeds in maintaining that position he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." Davis *v.* Waklee, 156 U. S. 689 (15 Sup. Ct. 555, 39 L. ed. 578) ; *Luther* v. *Clay,* 100 *Ga.* 236 (28 S. E. 46, 39 L. R. A. 95) ; *Vaughn* v. *Strickland,* 108 *Ga.* 659 (2) (34 S. E. 192) ; *Gentry* v. *Barron,* 109 *Ga.* 172 (4) (34 S. E. 349) ; *Haber-Blum-Bloch Hat Co.* v. *Friesleben,* 5 *Ga. App.* 123 (62 S. E. 712), and cit. ; *Mayor &c. of Savannah* v. *Monroe,* 22 *Ga. App.* 190 (95 S. E. 731), and cit. ; *Ellis* v. *Ellis,* 161 *Ga.* 360 (2) (130 S. E. 681), and cit. Under the above-stated ruling and the facts of the instant case, the defendant in fi. fa. was estopped from setting up that his discharge in bankruptcy was a discharge of his indebtedness to the plaintiff in fi. fa. It follows that the trial court erred in directing a verdict in favor of the illegality.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*