34302.   DOSS *et al. v.* MILLER, by next friend, *et al.*

DECIDED OCTOBER 21, 1952—REHEARING DENIED NOVEMBER 19, 1952.

*Dunaway, Howard & Embry,* for plaintiffs in error.

*Moise, Post & Gardner, Fraser & Shelfer, Hugh E. Wright,* contra.

GARDNER, P.J. ■ The case is in this court upon exception by the defendants Arthur Doss and Mrs. Arthur Doss to the overruling by the court of their general demurrer to the petition. The operator of the automobile at the time the plaintiff was injured was the defendant Mrs. Arthur Doss, and it is alleged that she was negligent in driving said car and that Arthur Doss is liable, in that the negligence of his wife is imputable to him under the family-purpose-car doctrine. It therefore follows that if the defendant Mrs. Doss is liable to the plaintiff under the allegations of her petition, then Arthur Doss, her husband, will be liable if it appears that the automobile being driven by Mrs. Doss was, at the time, a family-purpose automobile, and if it was being used for the family purposes at the time the plaintiff was hurt. See *Griffin* v. *Russell,* 144 *Ga.* 275 (87 S. E. 10) ; *Hubert* v. *Harpe,* 181 *Ga.* 168 (182 S. E. 167) ; *Ficklen* v. *Heichelheim,* 49 *Ga. App.* 777 (176 S. E. 540) ; Code, § 105-108. Where the owner of an automobile furnishes the same to members of his family, including his wife, for the pleasure, comfort, and convenience of the family, he is liable for an injury caused by the negligent operation of the automobile by his wife while using the same in carrying their child to and from school. See *Griffin* v. *Russell,* supra; *Evans* v. *Caldwell,* 184 *Ga.* 203 (190 S. E. 582) ; *Golden* v. *Medford,* 189 *Ga.* 614 (7 S. E. 2d, 236). The fact that the wife was transporting in the car other children

to and from this school building would not of itself render this doctrine inapplicable. In such a case the liability of the husband for the negligent operation of the automobile by the wife is under the doctrine of respondeat superior as provided under Code § 105-108.

It sufficiently appeared from the allegations of the petition that the automobile involved was being driven by the defendant Mrs. Arthur Doss at the time of the alleged injury as a family-purpose automobile, and that the defendant Arthur Doss would be liable for the injury to the plaintiff, if the jury should find that Mrs. Doss was negligent, and the plaintiff's injury was caused by the negligent operation of the car by Mrs. Doss concurring with negligence of Mrs. Sechler and contributing to the plaintiff's injury.

■ But it is insisted by the defendants that the alleged negligence of Mrs. Doss was not the proximate cause of the plaintiff's injury, but that it affirmatively appeared from the allegations of the petition that the sole and proximate cause thereof was the negligence of Mrs. Sechler in driving the automobile which actually struck the plaintiff and inflicted the hurts of which complaint is made. With this we do not agree. In *Southern Railway Co.* v. *Blanton*, 56 *Ga. App.* 232, 241 (192 S. E. 437), the principle is well stated, to wit: "It is a well settled principle of law that where two concurrent causes operate directly in bringing about an injury, there can be a recovery against either one or both of the responsible parties. The mere fact that the injury would not have been sustained had only one of the acts of negligence occurred will not of itself operate to define and limit the other act as constituting the proximate cause; for if both acts of negligence contributed directly and concurrently in bringing about the injury, they together will constitute the proximate cause. . . The determination of questions as to . . what constitutes the proximate cause of an injury complained of may be directly involved as one of the essential elements and disputed issues in the ascertainment of what negligence, as well as whose negligence, the injury is properly attributable to." It appeared from the petition that had Mrs. Doss not parked her automobile on the wrong side of said street and more than six inches from the curb, in violation of an ordinance of the

City of Atlanta, and then permitted this child of tender age, who was in her care, to get out of her car and attempt to cross this street to return to the building, at a time when it was raining and there were likely to be other automobiles using this street to pick up school children, the plaintiff would not have been hurt. A jury could well determine that the alleged negligence of this defendant in the above regard contributed directly to the plaintiff's injury and constituted a proximate and concurring cause thereof. In *Houston* v. *Taylor*, 50 *Ga. App.* 811 (179 S. E. 207), it appeared that the defendant had stopped his automobile more than six inches from the curb, in violation of a city ordinance and offered a ride to a minor waiting for a streetcar, and that this minor was struck while attempting to get into the defendant's automobile; and this court held that the ordinance requiring an automobile to be parked within six inches of the curb of a street was for the benefit of pedestrians as well as motorists, and that the defendant was liable to the minor because of such negligence. In *Locke* v. *Ford*, 54 *Ga. App.* 322 (187 S. E. 715), the court ruled that a taxicab driver was liable where he had permitted a child to disembark from the taxicab in the center of a heavily traveled street, whereupon she was struck by an approaching truck; and that the petition set out a cause of action against both the driver of the taxicab and the driver of the truck. This court in the cases of *Allyn & Bacon* v. *Nicholson*, 58 *Ga. App.* 729 (199 S. E. 771), and *Gazaway* v. *Nicholson*, 61 *Ga. App.* 3 (5 S. E. 2d, 391), which grew out of the same occurrence, ruled that where a school bus stopped on the wrong side of the road and permitted a child to get out of the bus and to go across the road where she was hit by another automobile, the petition against both defendants (the driver of the bus and the automobile hitting the child) stated a cause of action as to each; and that the negligence of the bus driver concurred with the negligence of the driver of the automobile striking the child in producing the injuries sued for.

It cannot be held as a matter of law that Mrs. Arthur Doss, who was transporting the plaintiff and other children, including her own, in this automobile, to and from the Kirkwood School— the plaintiff's father paying to the defendants Arthur Doss and

Mrs. Arthur Doss the sum of ten cents daily for carrying the plaintiff—was not under a duty to exercise due care towards the plaintiff and that Mrs. Doss did not fail to exercise this care and was consequently not negligent when she permitted the child to get out of the automobile on this occasion, when the car was parked on the wrong side of said street, more than six inches from the curb, and across the street from the school building, and when she allowed the child to attempt to cross this street in order to go back to the school building, at a time when the children were getting out of school and other vehicles were likely to be using this street, and when it was raining, affecting the visibility of such other persons. Had Mrs. Doss not parked her automobile across the street from the school and more than six inches from the curb, the plaintiff in getting out of the same in order to return to the school building would not have had to cross this street, and had she not attempted to cross this street, she would not have been struck by the automobile of Mrs. Sechler, which the petition alleges was being negligently driven along this street at the time the child sought to cross the street. Therefore, a jury could find, from the plaintiff's petition, that the concurrent acts of negligence of the two defendants brought about the plaintiff's injury, and it was not error to overrule the general demurrer of the defendants Arthur Doss and Mrs. Arthur Doss to the petition.

Whether or not the defendant Mrs. Arthur Doss was negligent in the circumstances alleged would not depend upon whether or not the plaintiff was a passenger in this automobile in view of the payment by the father of ten cents per day for her to ride in this car on her way to and from school. A jury would be authorized to find that Mrs. Doss undertook the duty of taking this child to and from school. She owed to the child the duty not to negligently permit her to alight from the automobile and cross this street under the circumstances alleged. Nothing to the contrary is held in Nash v. Reed, 81 Ga. App. 473 (59 S. E. 2d, 259), Holtzinger v. Scarborough, 69 Ga. App. 117 (24 S. E. 2d, 869), or Atlantic Co. v. Taylor, 80 Ga. App. 25 (54 S. E. 2d, 910). We do not hold that the defendant Mrs. Arthur Doss was under the duty of exercising extraordinary care and diligence for the safety of the plaintiff or that this defendant

was, at the time, operating a public conveyance. See *Sheffield* v. *Lovering,* 51 *Ga. App.* 353 (180 S. E. 523). This was not a regular school bus, such as is dealt with in the *Sheffield* case. *Hanks* v. *Georgia Power Co.,* 86 *Ga. App.* 654 (72 S. E. 2d, 198), is not authority for holding that Mrs. Arthur Doss had, by permitting the plaintiff to alight from the automobile, discharged her duty to the plaintiff. The facts of the *Hanks* case and the case at bar differ materially.

We do not, in the view which we take of the law as applied to the allegations of the petition, deal with whether or not the ten cents per day paid by the father of the plaintiff to both these defendants in and of itself created any liability other than that Mrs. Doss exercise due care under the circumstances for the safety of the plaintiff child, or whether any relation of private and contract carrier and passenger was created, or whether Mrs. Doss and her husband for ten cents per day were transporting the plaintiff and the other children in a public conveyance or in a school bus. The jury could well consider such fact, along with the other facts. The jury could determine that the child's father was thereby intending to share in the expense of the operation of the automobile. The length of the trips to and from school does not appear. What we do hold is that the facts alleged, if proven, would authorize a jury to find that the defendant Mrs. Doss did not exercise ordinary care, under all the circumstances, and that the plaintiff child, who was certainly properly riding in the car, was injured as a result thereof.

It follows from the above that the trial court did not err in overruling the general demurrer of the defendants Arthur Doss and his wife, Mrs. Arthur Doss, to the petition.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*