### 34385. GEORGIA CASUALTY & SURETY COMPANY *v.* TURNER *et al.*

DECIDED FEBRUARY 14, 1953.

*Martin, Snow & Grant,* for plaintiff in error.
*Miller, Miller & Miller,* contra.

FELTON, J. The case was decided on the facts appearing in the pleadings by which, under the circumstances, the parties are bound. The petition alleged that the truck was rented and unless the court determined whether that was true or not, its decision would have been of no value to the parties because the plaintiff would still, under some circumstances, not have known whether to defend the case or not. In a reservation-of-rights agreement, signed by Clyde Barrett, Flanders Mitchell, and the plaintiff, it was agreed that "at the time of the accident, Flanders had secured the use of the truck by paying Clyde Barrett 50¢ for gas put in [the] truck," which agreement was attached as an exhibit to the petition. The court found as a fact from this exhibit that Mitchell rented the truck for fifty cents. Whether we agree with the reasons given by the court for its judgment, we think that the judgment was right. The court erred in finding as a fact that the truck was rented for fifty cents. The only reasonable and common-sense meaning, as we

see it, of the statement that Mitchell had secured the use of the truck by paying Clyde Barrett fifty cents for gas put in the truck, is that the truck was loaned to Mitchell on condition that he would put fifty cents worth of gasoline in the truck, and this was not a consideration flowing to Barrett to compensate for the use of the truck, which means that the truck was gratuitously loaned to Mitchell upon his putting into the truck the amount of gasoline estimated to be sufficient to run the truck during the time it was so loaned. In this view, the truck was neither hired out by Barrett as a common or public carrier nor as a livery conveyance, whether the terms mean the same thing, or whether livery conveyance means the hiring of a vehicle to selected persons and not to the public generally. The exclusion clause relied on by the insurer is as follows: "Exclusions—This policy does not apply: (a) while the automobile is used as a public or livery conveyance, unless such use is specifically declared and described in this policy and premium charged thereof." This exclusion and the other exclusions in the policy do not exclude from coverage the vehicle while it is loaned. It follows that the court was correct in ruling that the exception clause in the policy did not apply, and that the plaintiff would be required to defend the case.

*Judgment affirmed. Sutton, C. J., and Worrill, J., concur.*