## 35547. FOUNTAIN *v.* TIDWELL *et al.*

200

DECIDED MAY 31, 1955—REHEARING DENIED JUNE 15, 1955.

*J. Millard Jackson, S. Gus Jones, Neal D. McKenney,* for plaintiff in error.

*John D. Comer, Harris, Russell, Weaver & Watkins, Bell & Bell,* contra.

GARDNER, P. J. ■ Special ground 1 complains of errors in the charge of the court regarding gross negligence. Since gross negligence is not involved in this case, it would be useless for us to consider whether or not there is error in this special ground.

■ Special ground 2 is abandoned. Special ground 3 also excepts to an excerpt from the charge regarding gross negligence on the part of the driver of the car in question. We think, as we stated in regard to special ground 1, that it is not necessary to consider any charge as to gross negligence. This special ground is without merit.

■ Special ground 4 complains of the following excerpt from the charge: "Should you find that James B. Tharpe was negligent, but that such negligence was not the proximate cause of the collision and was not a contributing cause, which, together with the negligence of H. A. Tidwell, if he was negligent, did not join to concurrently and proximately cause the collision, you could not find against the defendant, James B. Tharpe." There is no reversible error in this ground.

■ Special ground 5 complains that the court erred in charging as follows: "Now, I charge you that the plaintiff was a guest in the automobile of the defendant, H. A. Tidwell, at the time of the injury sued for, and that under the laws of this State the plaintiff cannot recover from the defendant Tidwell unless you find that the defendant Tidwell was grossly negligent, and that his gross negligence was a proximate cause of the injury sued for."

In the original petition the plaintiff alleged that he was an "occupant" of the defendant Tidwell's automobile, and that the acts alleged to be negligence on the part of the driver Tidwell were acts of gross negligence. Thereafter, without objection, the following was added by amendment: "The circumstances under which petitioner was in defendant's automobile were that both of them are employees at Warner Robins Air Force Base, some 40 miles from where they live and petitioner and defendant entered into a plan whereby they would share the expenses of the gas and oil and upkeep of the car on the trips, with petitioner contributing $1 toward the expense of the round trip each day he rode with the defendant, and under the foregoing circumstances he was a guest of defendant in his automobile." The allegations as to gross negligence remained unchanged. However,

"Although the negligence with which a defendant is charged may be characterized in the plaintiff's petition as wilful and wanton, if the specific facts alleged do not warrant such conclusion the rule of duty which merely requires the exercise of ordinary care and diligence is not affected thereby; nor does it in such a case become incumbent upon the plaintiff, by reason of such allegation, to prove more than is required by law to entitle him to recover. The legal conclusions of the court are to be drawn from the statements of fact contained in the pleading, unaffected by the conclusions of the pleader." *Western Union Telegraph Co. v. Harris*, 6 *Ga. App.* 260 (2) (64 S. E. 1123). Accordingly, if the plaintiff here is entitled to recovery by proof of lack of only ordinary care on the part of the defendant, the fact that he alleged such acts of negligence as he relies upon for recovery to be "gross negligence" will not prevent his recovery should they prove to be acts of ordinary negligence and not gross negligence. See also *Standard Oil Co. v. Parrish*, 40 *Ga. App.* 814 (3) (151 S. E. 541).

The allegations of the original petition set out a cause of action by one who, so far as appeared, was riding in the host's automobile as a gratuitous guest, and accordingly proof of gross negligence was essential to a recovery. By amendment the petition added facts showing that the passenger was not a gratuitous guest; that he paid $1 a day for the privilege of riding in the defendant's car; and that accordingly the arrangement was one for the mutual benefit of both parties. Under such circumstances the greater duty of ordinary care was owing by the defendant to the plaintiff. *Doss v. Miller*, 87 *Ga. App.* 230 (2) (73 S. E. 2d 349); *Atlantic Co. v. Taylor*, 80 *Ga. App.* 25 (54 S. E. 2d 910). Upon the trial of the case these allegations were supported by proper proof.

*Blanchard v. Ogletree*, 41 *Ga. App.* 4 (152 S. E. 116) represents a parallel situation. There the plaintiff alleged that the decedent was an invited guest in the defendant's car, and alleged the acts of negligence enumerated to be acts of gross negligence. By amendment, and without objection, additional facts were set up which so changed the relationship of the parties that, if the jury accepted the latter theory of the case, a recovery would have been authorized for ordinary negligence only. As stated

at page 9, "while the jury might not have believed that the acts of the defendant in his manner of driving the car constituted gross negligence, they might well have believed that the acts of the defendant did amount to ordinary neglect, and that the circumstances were such as to impose upon the defendant the duty of exercising that degree of diligence. Under the charge of the court given the plaintiff was deprived of any right to recover except for gross negligence, and for the reasons set forth in the original syllabus, we think the court should have instructed the jury that if it was found from the evidence that the decedent had ceased to be the voluntary and gratuitous guest of the defendant, the duty would thereafter devolve upon him to exercise ordinary care for her safety.".

Counsel for the defendant in error relies on Code § 38-402, *Peacock* v. *Terry*, 9 *Ga.* 137, and *Carver* v. *Carver*, 199 *Ga.* 352 (34 S. E. 2d 509), to support his contention that either party may avail himself of allegations or admissions made in the pleadings of the other without offering evidence in support thereof; and on *Thomas* v. *Lomax*, 82 *Ga. App.* 592 (61 S. E. 2d 790), *Carter* v. *Carter*, 80 *Ga. App.* 172 (55 S. E. 2d 721), and *Forrester* v. *Frizzell*, 35 *Ga. App.* 562 (134 S. E. 182), to support his position that when a party has taken a certain position in a judicial proceeding and the case is tried on that theory, the plaintiff is bound by that position.

The rules of law therein enunciated are well recognized. They are, however, inapplicable here. The plaintiff's position as shown by his petition as amended is that he was a passenger in the car of the defendant under circumstances which obligated the defendant to exercise ordinary care towards him. The petition in this respect is supported by the evidence. Therefore, it became incumbent upon the trial judge to charge the law applicable to the case. The plaintiff here was entitled to recover on proof of ordinary negligence only. The fact that he alleged the acts of negligence committed to have been gross negligence did not preclude him from recovery on proof of the required legal degree of ordinary negligence. The court, therefore, on the authority of *Blanchard* v. *Ogletree*, supra, should have charged that the duty owing by the defendant to the plaintiff under these circumstances was the duty to exercise ordinary care, and it was

reversible error to charge that the plaintiff could not recover "unless you find that the defendant Tidwell was grossly negligent." This error requires reversal.

■ We come next to consider what degree of negligence applies in a situation, as here, on a share-the-expense ride, and neither the Supreme Court nor the Court of Appeals has passed upon this question. This court approached the question in a case of similar facts, *Doss* v. *Miller*, 87 *Ga. App.* 230 (73 S. E. 2d 349) but did not decide the question. In that case the facts turned upon a question of law different from that which now confronts us. In that case the controlling issue was regarding the family-purpose doctrine. Therefore, the law governing the facts in that case was ordinary care, the degree of care applicable to a situation with which we were dealing in that case. While the share-the-expense-ride doctrine has not been passed upon by the appellate courts of this State, it has been dealt with by many other jurisdictions. See, in this connection, cases holding that prearrangement to share expenses (such as gas and oil) makes the occupant a "passenger for hire" and not a guest: Potter *v.* Juarez, 189 Wash. 476 (66 Pac. 2d 290); Teders *v.* Rothermel, 205 Minn. 470 (286 N. W. 353); Pence *v.* Berry, 13 Wash. 2d 564 (125 Pac. 2d 645); McMahon *v.* DeKraay, 70 S. D. 180 (16 N. W. 2d 308); Kerstetter *v.* Elfman, 327 Pa. 17 (192 Atl. 663); Smith *v.* Clute, 277 N. Y. 407 (14 N. E. 2d 455); Hasbrook *v.* Wingate, 152 Ohio St. 50 (87 N. E. 2d 87); Fortuna *v.* Sangster, 296 N. Y. 923 (73 N. E. 2d 40).

Cases holding the test to be whether or not the obligation to pay for transportation or part of expenses is one that can be enforced in a court of law: Kerstetter *v.* Elfman, supra; Smith *v.* Laflar, 137 Ore. 230 (2 Pac. 2d 18); Hasbrook *v.* Wingate, supra; Hale *v.* Hale, 219 N. C. 191 (13 S. E. 2d 221); Bushouse *v.* Brom, 297 Mich. 616 (298 N. W. 303); Coerver *v.* Haab, 23 Wash. 2d 481 (161 Pac. 2d 194).

Cases holding that the sharing of expenses (such as purchase of gas and oil) does not make a rider a "passenger for hire" instead of "guest": Rogers *v.* Vreeland, 16 Cal. App. 2d 364 (60 Pac. 2d 585); McCann *v.* Hoffman, 9 Cal. 2d 279 (70 Pac. 2d 909); Shephen *v.* Spaulding, 32 Cal. App. 2d 326 (89 Pac. 2d 683); Albert McGann Securities Company *v.* Coen, 114 Ind.

App. 60 (48 N. E. 2d 58); Scholz *v.* Leuer, 7 Wash. 2d 76 (109 Pac. 2d 294); Voelkl *v.* Latin, 58 Ohio App. 245 (16 N. E. 2d 519); Duncan *v.* Hutchinson, 139 Ohio St. 185 (39 N. E. 2d 140); Barnard *v.* Heather, 135 Neb. 513 (282 N. W. 534); McCornack *v.* Pickerell, 225 Iowa 1076 (283 N. W. 899); McDougald *v.* Couey, 150 Fla. 748 (9 So. 2d 187); Chaplowe *v.* Powsner, 119 Conn. 188 (175 Atl. 470); Hale *v.* Hale, supra; Brody *v.* Harris, 308 Mich. 234 (13 N. W. 2d 273); Carboneau *v.* Peterson, 1 Wash. 2d 347 (95 Pac. 2d 1043); Fuller *v.* Tucker, 4 Wash. 2d 426 (103 Pac. 2d 1086); Kuser *v.* Barengo (Nev.) 254 Pac. 2d 447.

Therefore, we hold that the rule of law to be laid down for Georgia on the question before us is as follows: Where a share--the-expenses ride in a motor vehicle is prearranged by a legally enforceable agreement, such a situation makes the passenger a passenger for hire and not a guest, and requires ordinary care on the part of the operator of the motor vehicle.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*