35771. BREWER *v.* CHAPMAN.

Decided July 14, 1955—Rehearing denied July 26, 1955.

*J. A. Mitchell,* for plaintiff in error.

*Osgood O. Williams,* contra.

GARDNER, P. J. It will be noted that the evidence is undisputed that the title to the property was in the plaintiff. The record reveals a question of fact as to whether the defendant completed the work on the car in question according to his contract. The question is not made to the effect that the defendant failed to comply with the law regarding the assertion of his lien and to obtain possession of the car, if he had such lien.

Whether the defendant had such a lien is determinative of his rights. If he had such a lien, he must foreclose it in the manner provided by our State statutes. The procedure employed by the referee did not pass the title to the defendant, and could only have afforded an opportunity to foreclose a lien on the property if one existed. *Forester* v. *Frizzell,* 35 *Ga. App.* 562 (134 S. E. 182), and cases there dealing with estoppel do not apply here, inasmuch as estoppel does not apply on behalf of a defendant who has not pleaded it. *Henry & Hutchinson, Inc.* v. *Slack,* 91 *Ga. App.* 353 (85 S. E. 2d 620).

We reverse the judgment of the trial court and remand the case for another trial (if desired) on the facts, with proper instructions by the trial court as to the law applicable to the retention of the property by the defendant because of the claim of lien for material furnished and work done, taking into consideration the method provided by law for the foreclosing of liens in such cases.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*