**BOSTON INSURANCE COMPANY,**
**Appellant,**

v.

**Herman L. GABLE, d/b/a Gable Floor**
**Covering Company, et al., Appellees.**

**No. 22260.**

United States Court of Appeals
Fifth Circuit.

Nov. 1, 1965.

Edward E. Dorsey, John T. Marshall, Atlanta, Ga., for appellant.

James H. Archer, Jr., East Point, Ga., A. Ed Lane, Atlanta, Ga., for appellees.

Before TUTTLE, Chief Judge, and BELL and COLEMAN, Circuit Judges.

TUTTLE, Chief Judge:

This is an appeal from a summary judgment entered against the appellant on a Manufacturers' and Contractors' Liability Policy, which was issued to Appellee Gable. The policy provided in part that the insurance company would pay, in accordance with the policy terms and limits, sums for property damage for each accident for which the insured became liable.

At issue before this court is the correctness of the trial court's determination that the loss here complained of was not excluded from the policy by reason of an exclusion clause which eliminated coverage as to "property in the care, custody or control of the insured or property as to which the insured for any purpose is exercising physical control."

The facts are not in dispute. In September, 1962, Vincent C. Lagemann owned his home and resided therein. On September 15, 1962, Lagemann left town on vacation. Prior to leaving, he told the general contractor who built the house that the floors of the newly built house would have to be refinished prior to his return. Lagemann left the house locked, but did not leave his keys with the general contractor since the general contractor also had a set of keys to the house. The general contractor told the defendant Gable that the floors would have to be refinished prior to Lagemann's return from his vacation. On September 24, 1962, two of Gable's employees went to the Lagemann house at Gable's direction to refinish the floors. Gable instructed his employees to lock the house when they had completed work. Gable's employees obtained the keys to the house from the general contractor and unlocked the house. Gable's employees worked in the house for a period of approximately two and one-half to three hours and then a fire started in the house. During this period, no one else was physically present in the house. The house was damaged by the fire, and the plaintiff contends that this loss is excluded from coverage under the policy issued by the plaintiff to the defendant Gable.

The appellant insurance company contends that at the time of the fire Gable, the insured by its presence and conduct on the property was exercising "care, custody and control" and/or "physical control" of the house and its contents that were damaged by the fire. The insured, to the contrary, contends that, within the meaning of this paragraph, the property was not within the care, custody or control or the physical control of the subcontractor, but that the latter

**370**

was merely present in the house by right of access in order to perform its work on the floors.

■ The parties have been unable to cite any Georgia cases expressly construing the language of this exclusionary clause. In such circumstances we undertake to determine what rule of law would be applied by the Georgia courts. We find ourselves strongly persuaded of the correctness of the language of the Court of Appeals for the Third Circuit in International Derrick and Equipment Co. v. Buxbaum, 240 F.2d 536, at 538, 62 A.L.R.2d 1237, where the court said, "The scope of the 'care, custody or control' exclusion and the coverage afforded by policies of insurance containing such an exclusion are clarified in the decided cases. Where the property damaged is merely incidental to the property upon which the work is being performed by the insured, the exclusion is not applicable. Cohen v. Keystone Mutual Casualty Co., 1943, 151 Pa.Super. 211, 30 A.2d 203; Rex Roofing Co. v. Lumber Mut. Cas. Ins. Co. of New York, 1952, 280 App.Div. 665, 116 N.Y.S.2d 876, appeal denied, 1953, 281 App.Div. 744, 118 N.Y.S.2d 732, 305 N.Y. 932, 112 N.E.2d 288; Maryland Casualty Co. v. Hopper, Tex.Civ.App., 1950, 237 S.W.2d 411; A. T. Morris & Co. v. Lumber Mut. Casualty Ins. Co. of New York, 1937, 163 Misc. 715, 298 N.Y.S. 227."

■ We agree with the conclusion reached by the trial court here on the undisputed facts, "That the care, custody and control of the house itself was retained either by the owner or by the general contractor in this case. The defendant Gable was permitted temporary access to the house in order to perform work under his subcontract. The house itself [to which the damage was done] was merely incidental to the floors upon which work was to be performed by Gable."

■ Moreover, we agree with the trial court's further conclusion that since the interpretation of this contractual language has been differently con-

strued by courts of different jurisdictions, thus making the construction doubtful, the rule of interpretation of contracts, as found in Georgia Code Section 20–704 is properly applicable: "If the construction is doubtful, that which goes most strongly against the party executing the instrument, or undertaking the obligation, is generally to be preferred;"

The judgment of the trial court is affirmed.