## Richmond

MARILYN SMITH, ET AL. v. STONEWALL CASUALTY COMPANY.

April 24, 1972.

Record No. 7692.

Present, All the Justices.

*James L. Warren* (*Philip M. Sadler; Gilmer, Sadler, Ingram, Thomas and Sutherland*, on brief), for appellants.

*C. B. Andrews* (*Dillow and Andrews*, on brief), for appellee.

Per Curiam.

Stonewall Casualty Company's automobile liability policy issued to Charles Alexander contained an exclusion clause providing that the policy did not apply while the automobile was being used as "a public or livery conveyance." Alexander was involved in an accident on August 9, 1969. At the time, he was on his way to work in his private automobile and, as was customary, he was transporting Marilyn Smith and the four other appellants to the same place of employment. All the appellants were injured in the accident.

In this declaratory judgment proceeding brought by Stonewall against Alexander and the appellants, it was stipulated in the trial court that the appellants "each paid Charles Alexander the sum of $1.00 per day toward the expense of operating his automobile to and from their place of employment on the days they rode with him."

Upon these facts, the trial court ruled that Alexander's vehicle was being used as a public or livery conveyance at the time of the accident and that the company was not, therefore, liable to the appellants for their injuries. The sole issue on appeal is whether the vehicle was being used as a public or livery conveyance.

The rule is that a vehicle is a public or livery conveyance if it is held out to the general public for the carrying of passengers for hire and is used indiscriminately to carry the public. *Elliott v. Behner*, 150 Kan. 876, 883, 96 P.2d 852, 857 (1939); *Stanley v. American Motorist Ins. Co.*, 195 Md. 180, 186, 73 A.2d 1, 2-3 (1950); Couch on Insurance 2d § 45:1040 (1965).

In this case, there is no evidence which would warrant a finding that Alexander's vehicle was held out to the public for the carrying of passengers for hire and used indiscriminately to convey the public. Therefore, the exclusion clause of Stonewall's policy did not apply at the time of the accident in question. *See Allor v. DuBay*, 317 Mich. 281, 26 N.W.2d 772 (1947).

The judgment of the trial court will be reversed, and final judgment will be entered here declaring that Stonewall's policy was in full force and effect at the time of the accident.

*Reversed and final judgment.*