Matthew EASON, Plaintiff,

v.

George L. WEAVER, Defendant,

v.

TRUCK INSURANCE EXCHANGE and Reserve Insurance Company, Garnishees.

Civ. A. No. 1632.

United States District Court, S. D. Georgia, Augusta Division.

July 19, 1974.

Albert M. Pickett, Augusta, Ga., O. Torbitt Ivey, Jr., Augusta, Ga., for plaintiff.

J. Walker Harper, Augusta, Ga., for defendant.

J. Walker Harper, Augusta, Ga., for Truck Ins. Exchange.

Edward J. Henning, Ward D. Hull, Atlanta, Ga., for Reserve Ins. Co.

## ORDER DENYING GARNISHEES' MOTIONS FOR SUMMARY JUDGMENT

ALAIMO, District Judge.

This post judgment garnishment action seeks collection of the sum of One Hundred Ninety-five Thousand Nine Hundred and Twenty-two Dollars ($195,-922); said sum representing the amount due under Judgment entered by this Court on December 18, 1972, in favor of the plaintiff, Matthew Eason, against the garnishees' assured, the defendant, George L. Weaver, for personal injuries sustained by the plaintiff as a result of Weaver's negligence.

■ Each garnishee has now moved for summary judgment denying coverage in excess of the sum of Ten Thousand Dollars ($10,000); that amount constituting the financial responsibility limit established by the State of Georgia under Ga.Code Ann. § 92A–605(c), par. 4.[1] These motions are premised upon the contention that, under the circumstances of the instant action, certain limitation clauses, contained in the policies of insurance under which the obligations of the garnishees arise operate to limit coverage to the financial responsibility limits of the State of Georgia to-wit: $10,000. The subject limitation clauses provide that the limitation attaches while the automobile covered is being operated "To carry passengers or property for a consideration, express or implied . . . ."

The garnishees, noting the plaintiff's allegation as well as the Court's ruling in the main action that the plaintiff had made a tangible contribution toward the rental and operating expense of the insured automobile,[2] now seek to impale this seriously injured plaintiff on the horns of a dilemma by contending that he is estopped from denying that he was, at the time of the injury, a passenger for consideration within the terms of the cited limitation clauses. In essence, the garnishees insist that one who

[1]. Ga.Code Ann. § 92A–605(c), par. 4 provides: "To any person qualifying as a self-insurer under section 92A–616, or to any person operating a motor vehicle for such self-insurer.

"No such policy or bond shall be effective under·this section unless issued by an insurance company or surety company authorized to do business in this State; except that if such motor vehicle was not registered in this State, or was a motor vehicle which was registered elsewhere than in this State at the effective date of the policy or bond, or the most recent renewal thereof, such policy or bond shall not be effective under this section unless the insurance company or surety company, if not authorized to do business in this State, shall execute a power of attorney authorizing the Director to accept service on its behalf of notice or process in any action upon such policy or bond arising out of such accident: Provided, however, every such policy or bond is subject, if the accident has resulted in bodily injury or death, to a limit, exclusive of interest and costs, of not less than $10,000 because of bodily injury to or death of one person in any one accident and, subject to said limit for one person, to a limit of not less than $20,000 because of bodily injury to or death of two or more persons in any one accident and, if the accident has resulted in injury to or destruction of property, to a limit of not less than $5,000 because of injury to or destruction of property of others in any one accident."

[2]. See *Eason v. Weaver*, 484 F.2d 459 (5th Cir. 1973).

proves that he had made a contribution toward the expense of a trip so as to remove himself from the ambit of the "guest law" and impose the standard of ordinary care upon the driver of the insured automobile simultaneously proves, and is estopped to deny, that he is a "passenger for consideration."

This argument is unfounded and cannot be successfully urged to insulate these insurers from satisfying their lawful obligations. Simply because one is not found to occupy the status of a "guest" as that term is understood in the "guest law" context, does not compel a conclusion that such party is a "passenger" for "consideration" within the ambit of the standard limitation clause relied upon here.

■ While this Court is bound under the doctrine of *Erie R. R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), to apply the law of Georgia in response to this issue, where, as here no persuasive state ruling has been articulated, the Court must attempt to predict the proper rule as though it were sitting as a state court by reference to related analogy, *see e. g., Kay v. Home Indemnity Co.,* 337 F.2d 898 (5th Cir. 1964), and decisions in other jurisdictions and common law principles. *Boston Ins. Co. v. Gable,* 352 F.2d 368 (5th Cir. 1965).

The only analogous Georgia case found deals with an exclusion where the automobile is being used as a "public or livery conveyance." In *Georgia Casualty & Surety Co. v. Turner, et al.,* 87 Ga. App. 618, 74 S.E.2d 665 (1953), the Court refused to give effect to the exclusion where an accident occurred while the covered automobile was on loan to the driver who had paid $.50 for gas to be put into the vehicle. The court ruled at p. 619, 74 S.E.2d at p. 666: ·

"To come within the terms of the exclusion and thus be exempted from coverage, such vehicle described in the policy must be used indiscriminately, or at least generally, in conveying the public, or must be held out to the general public as a vehicle for carrying persons for hire, and so used on one or more occasions."

Fortunately, this Court is not without benefit of exhaustive and persuasive authority on this question from other jurisdictions and from eminent scholarly commentary.

■ In sum, the weight of authority compels the conclusion that the Court, in determining the proper status to be accorded the plaintiff for purposes of the "passenger for consideration" exclusion, must examine *all of the attending circumstances without reference to any determination of his status for purposes of the guest law.* As stated by Professor Couch at *Couch on Insurance 2d,* § 45:1021, "Effect of guest statute.

"A plaintiff injured while riding in the automobile of the insured may find himself faced with the alternatives of being barred by a passenger for hire exception, in the event that he is determined to be a passenger for hire, or by a guest statute, in the event that it is determined that his transportation was not for hire and the insured driver was only guilty of negligence and not of such gross fault as would avoid the bar of the guest statute.

"However, the fact that there is an analogy between the situation involved in a guest statute and a policy exclusion stated in terms of the carriage of persons for hire is not controlling, as the two provisions are designed for different purposes and therefore are to be given different interpretations. Specifically, a person who is a traveler for 'compensation' under the guest law is not necessarily a 'passenger' for 'consideration' or 'for a charge' under an insurance policy. Likewise it does not necessarily follow from the fact that a passenger is not a guest that he is a passenger for compensation or for a consideration within the meaning of the exclusionary clause."

The precise issue presented for determination here was met by the Court of Ap-

peals for the State of California in *Porter v. Employers' Liability Assurance Corp.*, 40 Cal.App.2d 502, 104 P.2d 1087 (1940). There, the California Supreme Court had previously determined that the injured passenger was not a "guest" within the guest law because the parties had been engaged in a joint business venture at the time of the accident and the passenger had therefore given compensation for the transportation. The Court of Appeals was then asked to determine the effect of such ruling on the coverage question raised by the presence of a passenger for consideration exclusion. The court exhaustively reviewed the available precedent and concluded that the plaintiff could not be held to be a passenger for consideration. The court stated 104 P.2d at 1089–1090:

> "Appellant concedes that not every traveler who furnishes 'compensation' within the meaning of the 'guest-law' is necessarily a 'passenger' for a 'consideration' within the meaning of the clauses above quoted. This concession was made necessary because of the Supreme Court's decision in *Western M. Co. v. Bankers I. Ins. Co.*, 10 Cal. 2d 488, 75 P.2d 609. In that case the policy provided that the insured car would not be 'used to carry passengers for a consideration, actual or implied,' and also permitted the car to be used for business or pleasure. At the time of the accident an employee of the insured was driving one Lawton from one town to another for the purpose of having Lawton inspect certain machinery the insured had offered to sell to Lawton's employer, and which, after the accident, was purchased by Lawton's employer. It was conceded that Lawton was not a guest, but, predicated on this admission, it was urged that he must be a passenger for a consideration. Citing many cases from other jurisdictions, the court held that the mere fact that the person involved was a passenger for a 'compensation' within the meaning of 'guest-law', did not, per se, make the passenger one for a 'consideration'

within the meaning of the exclusion above quoted.

> "The *Western M. Co.* case definitely settles the point that the term 'compensation' used in the 'guest-law' does not have the same meaning as the term 'consideration' as used in insurance policies similar to the one here involved."

*Accord State Farm Mut. Auto Ins. Co. v. Superior Court*, 47 Cal.2d 428, 304 P.2d 13 (1956). There is ample authority in other jurisdictions supporting the California rule. *Cf., Smith v. Stonewall Casualty*, 212 Va. 765, 188 S.E.2d 82 (1972). *See also Jensen v. Canadian Indemnity Co.*, 98 F.2d 469 (9th Cir. 1938) where the court noted at 470:

> "However, from the fact that a passenger is not a guest it does not necessarily follow that he is a passenger for compensation within the meaning of exclusion clauses of the type here involved."

The garnishees rely heavily upon *Macloskie v. Royal Indemnity Company, et al.*, 254 F.Supp. 782 (D.S.C.1966) where a district court, applying Georgia law, concluded that a share-the expense ride constituted a carrying for consideration within the ambit of the exclusionary clause of the relevant insurance policy. That was an action by the Executrix of the Estate of Charles W. Macloskie seeking a declaratory judgment determining the obligations and liabilities of the defendants to defend any actions and to pay any judgment obtained against the estate by reason of the negligence of the deceased.

The insured had rented an auto from the Hertz Corporation and Interurban Transit Lines, Inc. (hereinafter collectively referred to as the "rental agency") both of whom were insured by Royal Indemnity Company (hereinafter "Royal"). The insured and three other individuals had embarked on a share-the expense journey from Atlanta to Augusta in the rented automobile. An accident occurred in Columbia County, Georgia, and the insured and one of his pas-

sengers were killed. Thereafter, the personal representative of the passenger brought a wrongful death action against the estate of the insured.

The portion of the Court's opinion that is germane to a consideration of the issue *sub judice* considers Royal's argument that it could avoid liability and the obligation to defend by operation of the exclusionary clause for automobiles being used to carry passengers for a consideration, express or implied.

Royal had issued two policies to the rental agency both of which contained the exclusionary clause and one of which contained an additional endorsement granting permission to carry passengers for a charge in consideration of an additional premium.

The Court framed the issues as follows at 785–786:

"(1) Was Macloskie engaged in carrying passengers for a consideration, express or implied, within the meaning of the applicable Georgia law? (2) If so, did the exclusions as to such acts of the insured avoid or vitiate Royal's liability coverage over such automobile, in view of Livery Permit Form C incorporated in the policy by endorsement which specifically provided that 'permission is granted for the automobile described in the policy designated above to be used as a public or livery conveyance or for carrying persons for a charge?' "

The Court answered question numbered one affirmatively and question numbered two negatively. Thus, while holding that Royal was liable under its express livery permit, the Court noted that a share-the-expense journey constitutes carriage for a consideration under Georgia law. The portion of that opinion upon which the movants rely is stated as follows at 788:

"At the time of the collision was the insured Macloskie transporting his passengers, Sternaman, McAndrew and Boggs, 'for a consideration, express or implied'?

"This question is to be answered in the light of the applicable Georgia law. From my research it clearly appears under the uniform decisions of the Court of Appeals of Georgia that where a share-the-expense ride in a motor vehicle is agreed upon by the operator and a passenger therein, such a situation makes the passenger a passenger-for-hire and not a guest, requiring the driver to exercise ordinary care toward his passenger, rather than slight care owed to a gratuitous guest. *Fountain v. Tidwell*, 92 Ga.App. 199, 88 S.E.2d 486 (1955); *Holland v. Boyette*, 93 Ga.App. 497, 92 S.E.2d 222 (1956); *Owens v. White*, 103 Ga.App. 459, 119 S.E.2d 581 (1943); *Youmans v. Barry*, 104 Ga. App. 762, 123 S.E.2d 158 (1961); *Varga v. Williamson*, 110 Ga.App. 684, 139 S.E.2d 518 (1964).

\*　\*　\*　\*　\*　\*

"Thus, Macloskie's passengers in the rented vehicle at the time of the collision were passengers for hire, and were being transported by him for an express consideration. Therefore, the exclusions for such acts contained in both the Royal policy and the Hertz Rental Agreement would eliminate liability coverage, unless such exclusions were overridden by some other policy provision or endorsement."

*Macloskie* was affirmed *per curiam* by the Fourth Circuit Court of Appeals. 374 F.2d 892 (4th Cir. 1967). It would seem apparent however that the *per curiam* decision approved only the result of the district court's opinion and not its method of analysis. Were we to have had the benefit of a considered written opinion by that Circuit Court, the result would probably have recognized that the district court's analysis of the operation of the exclusionary clause under Georgia law was in error. The above cited portion of *Macloskie*, upon which the garnishees rely, is clearly erroneous under the rule of *Rowe v. United States Fidelity and Guaranty Company*, 375 F.2d 215 (4th Cir. 1967) decided ten (10) days

prior to the affirmance of *Macloskie* by a panel including two of the *Macloskie* judges.

*Rowe* grew out of a motorboat collision. Brooks and Carr, the owners of a motorboat, had entrusted it to Hodge, the operator of a marina, for the purpose of selling it. Hodge's son, Dallas, was demonstrating the boat to the Rowes as prospective purchasers when the collision occurred. A judgment was later obtained by the injured Rowes against both Hodges, Brooks, and Carr, and Mr. and Mrs. Rosson, the owners/operators of the boat with which the Brooks-Carr boat collided.

In *Rowe v. Brooks*, 329 F.2d 35 (4th Cir. 1964), the appellate court had reversed the district judge's holding that the liability of Brooks and Carr was limited to $600, the stipulated value of the motorboat. That holding was premised upon the district judge's findings that Dallas Hodge was a competent operator, that the boat was seaworthy, and that the negligence of Dallas Hodge was without the privity and knowledge of Brooks and Carr. In reversing, the Fourth Circuit held at p. 41:

> "With this we disagree, because we are definitely of the opinion, as will presently appear, *that the Rowes were passengers for hire*, that in taking them out in the boat for the purpose of demonstrating it for sale, Dallas Hodge, under the law, was required to have a license, and since he did not have a license, the boat was unseaworthy which was known or should have been know to Brooks and Carr." (Emphasis added.)

United States Fidelity and Guaranty Company (hereinafter U.S.F.& G.), relying upon the above emphasized language of *Rowe v. Brooks*, denied coverage under the liability policy which had been issued to Brooks and Carr. That policy provided in pertinent part that, "It is understood and agreed that this policy exclude[s]d coverage for boats while used to carry passengers for a charge or while rented to others." The district

court, in rejecting U.S.F. & G.'s argument found liability in *United States Fidelity & Guaranty Co. v. Rowe*, 249 F. Supp. 993 (E.D.Va.1966), noting at 1001:

> "Furthermore, this Court is of the opinion that cases finding the implied-in-law consideration given by a prospective purchaser sufficient to take such party out of the guest category in regard to an automobile guest statute are not controlling upon the party's status in regard to the construction of an insurance policy."

The Fourth Circuit, in affirming the district court, fully developed the issue raised by U.S.F. & G. and expressly rejected the notion that a finding of a contribution by a passenger for purposes of guest statutes fixes the status of the passenger for purposes of construing the contract of insurance. The Court noted:

> "The district judge carefully analyzed and discussed the automobile cases referred to in our opinion and cited to him in the insurance litigation and, while he did not find them conclusive, he was of the view that no court had ever held that a prospective purchaser of a boat or vehicle was to be regarded as a 'passenger for a charge' within the meaning of an insurance policy. He was of the view, also, that the cases dealing with guest statutes are not controlling upon the status of a party who was a prospective purchaser of a boat or automobile in regard to the construction of an insurance policy. That the precise point in issue here has not been previously decided, we are in accord, and we are content to refer to the discussion of the authorities arising under guest statutes contained in the district judge's opinion. *Id.*, 249 F.Supp. at 996–1000. To this collection of decisions, we would add only *Houston Fire & Casualty Ins. Co. v. Ivens*, 338 F.2d 452 (5 Cir. 1964). We are even more strongly in accord with the statement of the district judge that *authorities under the guest statutes of various*

*states are not controlling upon the status of an alleged guest in regard to the construction of an insurance policy,* and we do not consider that what we decided in *Rowe v. Brooks, supra,* determines what must be decided in this case." (Emphasis added.) *Rowe v. United States Fidelity & Guaranty Co., supra* at 218.

In explaining why analogy to guest cases is inappropriate, the Court further noted:

"It should be clear that policy considerations, and the resultant rules of construction to be applied, raised in situations concerning guest statutes and questions such as the one we decided in *Rowe v. Brooks, supra,* are not present in cases involving the rights of the parties under a contract of insurance, and that the former are not indicative of the resolution of questions arising under the latter. The guest statutes, in derogation of the common law, limit liability of the operator of a motor vehicle to his passengers. Because they are in derogation of the common law, close questions arising under them of whether a passenger is a guest are to be resolved in favor of a holding that the passenger is not a guest." *Rowe v. United States Fidelity & Guaranty Co., supra* at 219.

Thus, it can be readily concluded, respectfully, that the court in *Macloskie* was in error, under the rationale of *Rowe,* when it drew an analogy to Georgia guest cases for the purpose of defining the status of a party under a contract of insurance.

Having determined that analogy to guest cases is an improper method for determining the status to be accorded a passenger for purposes of the limitation clauses relied upon here, this Court readily concludes that the principle of estoppel is inapplicable to the facts at bar and turns to an examination of the proper criteria for determining whether the plaintiff was a "passenger for consideration" within the limitations.

Again, Professor Couch provides guidance at *Couch on Insurance 2d,* § 45.-1031, "Effect of payment by passenger.

"The mere fact that money is paid by the passenger to the insured does not in itself establish that such payment is compensation which makes the transportation of the payor a carriage of passengers for hire within the policy exception clause relating to such use of the vehicle. To the contrary, whether or not money so passing from a passenger to the operator of an automobile in connection with a journey constitutes consideration within the meaning of such policy provision depends upon the surrounding circumstances, including the relationship of the parties to one another, the existence or lack of common interest, pleasure, or benefit in making the journey, whether the carrying involves a deviation from the route that would otherwise be followed by the vehicle, the relation of the amount paid to the actual cost of carry, and like matter."

Likewise, the Court in *Ocean Accident & Gurarantee Corp. v. Olson,* 87 F.2d 465 (8th Cir. 1937) noted at 467:

"The authorities, without dissent so far as we can find, hold that contribution by a person to the expense of a trip by automobile for the joint pleasure of the party, where the parties are friends or are related, is not 'consideration' or hire within the meaning of policy provisions such as those now before us. On the other hand, where the parties are strangers and the relation is a business one only or the contribution is not related to the expense of the trip or exceeds the amount of the expense, the arrangement constitutes a carrying 'for a consideration' within the meaning of such policies."

Indeed, this same criteria was utilized by the court in *State Farm Mutual Automobile Ins. Co. v. Self,* 93 F.2d 139 (5th Cir. 1937), a case heavily relied upon here by the garnishees as supportive of their contentions. The court there stated the relevant standard for

defining "consideration" for purposes of the subject exclusionary clauses as follows at 140:

> "Though payment of the money be associated with the transportation, the courts, in determining whether or not such payment amounts to a 'consideration' for the carrying, take into account not only the payment of money but all of the attending circumstances, including the relationship of the parties to one another, the existence or lack of common interest, pleasure or benefit in making the journey, whether the carrying involves a deviation from the route that would otherwise be followed by the vehicle, the relation of the amount paid to the actual cost of the carrying, and like matters."

In *Self,* the driver had actively solicited passengers through a public travel agency in Phoenix. Five passengers had agreed to pay the driver $7.50 each to transport them to various addresses in Oklahoma City and Tulsa. Under the circumstances of that case, the court found that the passengers were not merely contributing guests but paying passengers with no relationship to the driver nor interest in his travel. They were simply being carried, for a fixed consideration, to a predetermined destination.

*Self,* of course, bears no factual similarity to the case at bar and, being patently distinguishable, is not followed here.

■ Here, the plaintiff and defendant were mutual friends, one of whom made an incidental contribution to the expenses of an undefined journey for the mutual pleasure of both. That contribution was casual in nature and bore some relationship to the expense of the travel. It could not and did not constitute "consideration" so as to convert the plaintiff into a "passenger for consideration" as contemplated by the subject limitation clauses.

To the garnishees' suggestion that they should benefit from what constitutes, at the most, an ambiguous attempt to reduce their risk by use of the subject limitation clauses, one can only respond that such a drastic result can be achieved only through use of the most explicit contractual language. To permit an innocent passenger to be penalized by such a strained construction of this adhesion contract would be contrary to public policy. Were this Court to countenance such a construction, the contract of insurance on rental automobiles would, as a practical matter, be rendered illusory in most instances as to passengers in such automobiles. For it is a matter of common knowledge that rental and operating expenses are shared in virtually all transactions in which two or more persons procure such automobile for their joint use or pleasure.

Perhaps the language of Judge Skelly Wright in *Travelers Insurance Co. v. State Farm Mutual Automobile Ins. Co.,* 175 F.Supp. 673, 676 (E.D.La.1959) constitutes appropriate guidance for disposition of these motions:

> "It is true that there are some cases interpreting provisions similar to the one here, which exclude coverage where passengers are carried on a casual or informal basis for a charge . . . . Moreover, even in those cases the authorities are by no means uniform. If the courts cannot with any degree of assurance, or unanimity, interpret exclusion provisions of this kind, that fact alone weighs heavily against the insurer because the fine print of the policy, where ambiguous, is construed in favor of the assured."

This Court being of the considered opinion, after exhaustive research of the law in our sister jurisdictions, that the courts of Georgia would find the subject exclusionary clauses inapplicable in the circumstances of this case, must and hereby does OVERRULE the motions for summary judgment filed by the garnishees, Truck Insurance Exchange and Reserve Insurance Company in this action.